■ In the Matter of CHARLES W., a Child Alleged to be Permanently Neglected. COMMISSIONER OF DEPARTMENT OF SOCIAL SERVICES OF ROCKLAND COUNTY, Respondent; BRINDA W., Appellant. — In a proceeding pursuant to article 6 of the Family Court Act, the natural mother appeals from an order of the Family Court, Rockland County (Miller, J.), dated June 12, 1981, which, upon a determination that the subject infant is permanently neglected, terminated her parental rights and committed custody and guardianship of the infant to the Commissioner of the Department of Social Services of Rockland County. Order reversed, on the law, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing whereat the fact-finding determination shall be by a standard of clear and convincing evidence. Questions of fact have not been considered. For the reasons expressed in this court's decision of *Matter of Rose Marie M.* (90 AD2d 810), the matter must be remanded for a hearing in accordance with the new standard of proof. Damiani, J. P., O'Connor, Thompson and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DOZIER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered July 14, 1981, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; cf. *People v Gonzalez,* 47 NY2d 606). Counsel's application for leave to withdraw is granted. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL DRIVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Rubin, J.), rendered October 1, 1981, convicting him of robbery in the first degree, on his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.