OPINION OF THE COURT

Per Curiam.

 In cases in which, prior to the decision of the Supreme Court of the United States in Santosky v Kramer (455 US 745), the Family Court has found that permanent *73 neglect on the part of a mother has been established by a fair preponderance of the evidence, the Appellate Division may properly review the record on appeal under the constitutional standard announced in Santosky — clear and convincing evidence — without the necessity of an automatic remittal for a new hearing under that standard by the Family Court. The evidence in this record, however, is insufficient to meet that constitutional standard.
In this instance Family Court made a finding that permanent neglect on the part of appellant mother had been established by a fair preponderance of the evidence and ordered removal of her son, thereby terminating the parental rights of the mother. While the appeal by the mother was pending at the Appellate Division, the decision of the Supreme Court in Santosky came down, holding that the constitutionally mandated standard of proof in a proceeding leading to permanent termination of parental rights is clear and convincing evidence. The Appellate Division reviewed the evidence in the record, and, applying this higher standard of proof, affirmed the determination of Family Court. We granted leave to appeal to consider the mother’s arguments that proper application of Santosky required a remittal to Family Court for a hearing de novo and that, in any event, the evidence in this record is legally insufficient to meet the clear and convincing standard. We reverse the order of the Appellate Division on the latter ground.
The Appellate Division properly reviewed the record in this proceeding to determine whether the Department of Social Services had established the grounds for termination of parental rights by reason of permanent neglect pursuant to section 614 of the Family Court Act under the Santosky standard. In view of the authority of the Appellate Division to review factual determinations and, in a case tried without a jury, to make a final disposition of the litigation predicated on its evaluation of the evidence, no new hearing was automatically required. Nothing contained in the Santosky opinion compels a contrary conclusion with respect to permanent neglect proceedings in which the hearings preceded the decision of that case. Appellant mother was not prejudiced because it was later *74 determined that the burden of proof of the agency at the evidentiary hearing was higher than that assumed by the parties at the time. (The situation would be different, however, if the agency were the appellant.)*
Nevertheless, in the present case a new hearing must be had, because the evidence did not establish failure by the mother either to maintain contact with or to plan for the future of the child by clear and convincing evidence. Over the one-year period after appellant’s son had come into the custody of the agency she made several visits to him at the foster home where he lived and she complied with the department’s requirement that she procure living accommodations and financial means for her son. Her failure to have undergone psychological tests, although initially the result of her refusal, ultimately resulted from a misdelivery of the notice of the appointment which she had sought from the clinic to which she had been referred. That failure, in any event only one factor to be weighed (Social Services Law, § 384-b, subd 7, par [c]), was not sufficient to constitute the failure to plan for her child’s future referred to in section 614 (subd 1, par [d]) of the Family Court Act.
Because the prior hearing was held at a time when both counsel and the court believed that the fair preponderance of evidence standard set out in section 622 of the Family Court Act controlled, a new hearing on all issues must be held at which the department will have an opportunity, with an awareness of the heavier burden applicable to it, to present evidence in support of its petition seeking permanent termination of the mother’s parental rights.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the case remitted to Family Court for such further proceedings.

 In view of the number of permanent neglect cases in the appellate process when the decision in Santosky was announced and the overriding importance of prompt determinations in litigation involving the custody and status of children, we deem it appropriate to address and resolve this issue which has been considered by the Appellate Division (Matter of John AA., 89 AD2d 738, mot for lv to app den 58 NY2d 605) and fully briefed and argued by the parties in this case, notwithstanding that this appeal could be disposed of, as noted in the concurring opinion, without reaching the issue.