■ In the Matter of MELISSA N. In the Matter of SOCORRITO N. In the Matter of ROBERTO N. CATHOLIC CHILD CARE SOCIETY OF THE DIOCESE OF BROOKLYN, Respondent; MARIA N., Appellant; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor. — In a proceeding pursuant to section 384-b of the Social Services Law to, *inter alia,* terminate the natural mother's parental rights on the basis of her mental incapacity to care for her three children, she appeals, as limited by her notice of appeal and brief, from so much of three orders (one as to each child) of the Family Court, Kings County (Rand, J.), each dated March 2, 1981, as, after a hearing, determined that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for said children; awarded custody of the children to petitioner, Catholic Child Care Society of the Diocese of Brooklyn (St. Joseph Children's Services, hereinafter agency) and to the Commissioner of Social Services of the City of New York; and empowered the agency or commissioner to consent to their adoption. Three orders modified, on the law, by inserting in the first line of the first decretal paragraph of each order, after the word "find", the following: "by clear and convincing proof". As so modified, orders affirmed, insofar as appealed from, without costs or disbursements. After a fact-finding hearing was held on May 22, 1980, the Family Court, in a memorandum decision dated November 10, 1980, found that "the evidence of the [mother's] mental illness is clear and convincing [Social Services Law, § 384-b, subd 3, par (g)]" and directed a dispositional hearing "to determine whether or not termination of [the mother's] parental rights is in the best interests of her children". An additional hearing was held on January 14, 1981 and the court thereafter issued a memorandum decision dated February 10, 1981 which set forth the reasons why it directed a dispositional hearing, although section 384-b (subd 4, par [c]) of the Social Services Law does not require such a hearing. The court then found that the children's grandparents did not constitute "viable resources for the discharge of these children" and also that termination

of the mother's parental rights was in the best interests of the children. The decision concluded with a direction that the agency submit formal orders on notice with findings of fact. The first decretal paragraph of each of the orders dated March 2, 1981, provided: "ORDERED, ADJUDGED AND DECREED, that the Court does find that * * * the natural mother of said infant, is a person suffering from mental illness, as defined in Section 384-b (6) (a) of the Social Services Law and is presently and for the foreseeable future unable, by reason of said mental illness, to provide proper and adequate care for said infant, who has been in the care of said authorized agency for a period of one year immediately prior to the initiation of this proceeding". We determine that the record of the evidentiary hearings of May 22, 1980 and January 14, 1981, together with the detailed factual findings of the court dated November 10, 1980 and February 10, 1981 established by clear and convincing proof that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for any of the three children (Social Services Law, § 384-b, subd 4, par [c]; subd 6, par [a]; subd 3, par [g]). Therefore, termination of her parental rights was proper. We have modified the orders under review accordingly (see *Matter of Sylvia M.,* 82 AD2d 217, affd 57 NY2d 637; *Matter of Michael B.,* 58 NY2d 71). O'Connor, J. P., Weinstein, Bracken and Rubin, JJ., concur.