(May 16, 1983)

■ In the Matter of ROSE MARIE M. In the Matter of PATTY ANN M. CHARLES W. BATES, as Commissioner, Respondent; MARIA J., Appellant. — Motion by respondent for reargument of this court's decision and order both dated November 15, 1982 (90 AD2d 810), as amended December 20, 1982 (93 AD2d 1009), granted and upon reargument the court adheres to its original determination. Subsequent to our determination of this appeal, the Court of Appeals decided *Matter of Michael B.* (58 NY2d 71). In that case the Court of Appeals held that "[i]n cases in which, prior to the decision of the Supreme Court of the United States in *Santosky v Kramer* (455 US 745), the Family Court has found that permanent neglect on the part of a mother has been established by a fair preponderance of the evidence, the Appellate Division may properly review the record on appeal under the constitutional standard announced in *Santosky* — clear and convincing evidence — without the necessity of an automatic remittal for a new hearing under that standard by the Family Court" (p 72). Nevertheless, the court went on to hold that in the circumstances of that case a new hearing was in order "because the evidence did not establish failure by the mother either to maintain contact with or to plan for the future of the child by clear and convincing evidence" (p 74). A new hearing on all the issues was required "at which the department will have an opportunity, with an awareness of the heavier burden applicable to it, to present evidence in support of its petition seeking permanent termination of the mother's parental rights" (p 74). In light of the ultimate holding in *Matter of Michael B. (supra),* we adhere to our original determination which also remitted the proceedings to the Family Court, inasmuch as a review of the record of the proceedings indicates that the Department of Social Services did not establish by clear and convincing evidence that the appellant had abandoned her two children within the meaning of section 384-b (subd 4, par [b]; subd 5, pars [a], [b]) of the Social Services Law. In a proceeding under section 384-b of the Social Services Law the mere absence of visitation or contact with the child for a period of at least six months preceding the hearing is in itself insufficient to establish abandonment. Inquiry must be made into the question of whether the failure occurred without good reason (*Matter of Wesley L.,* 72 AD2d 137, 143; *Matter of Angel Guardian Home v Mendez,* 60 AD2d 600). Furthermore, "a child is 'abandoned' by his parent if such parent evinces an

intent to forego his or her parental rights * * * as manifested by his or her failure to visit the child and communicate with the child * * * *although able to do so*" (see Social Services Law, § 384-b, subd 5, par [a]; emphasis added). The record reveals that the primary reason for appellant's failure to visit her children was financial problems. She also testified at the hearing that she would have visited the children and still wants to visit them. Besides testimony of her financial difficulties, there was also evidence to the fact that she was taking care of her invalid father and that at some point she had a nervous breakdown. Moreover, meaningful communication by means of the telephone and letter writing were also hampered by virtue of the fact that both children are mentally and physically retarded. One of the children cannot speak and neither of them can read. In light of the above, the department of social services did not establish by clear and convincing evidence that appellant's failure to visit her children between June, 1978 and February, 1980 constituted abandonment under section 384-b (subd 5, par [a]) of the Social Services Law. Accordingly, a new hearing is required at which the standard of clear and convincing evidence will be applied (see *Matter of Michael B.*, 58 NY2d 71, *supra*). Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.