■ In the Matter of CHARLES W., an Infant, Alleged to be Permanently Neglected. COMMISSIONER OF DEPARTMENT OF SOCIAL SERVICES OF ROCKLAND COUNTY, Respondent; BRINDA W., Appellant. — Motion by petitioner Commissioner of the Department of Social Services of Rockland County, joined in by the foster parents of the subject infant, for "reconsideration" of an appeal to this court, resulting in a decision and order both dated November 15, 1982, which reversed an order of the Family Court, Rockland County (Miller, J.), dated June 12, 1981, terminating the natural mother's parental rights and committing custody of the infant to petitioner upon a determination that he was permanently neglected, and remitted the matter to the Family Court for a new hearing. Motion denied. On the court's own motion, the decision and order of this court, both dated November 15, 1982, are recalled and vacated and the following decision is substituted therefor: In a proceeding pursuant to article 6 of the Family Court Act, the natural mother appeals from an order of the Family Court, Rockland County (Miller, J.), dated June 12, 1981, which, upon a determination that the subject infant is permanently neglected, terminated her parental rights and committed custody and guardianship of the infant to the Commissioner of the Department of Social Services of Rockland County. Order affirmed, without costs or disbursements. While the Family Court found that permanent neglect on the part of the natural mother had been established

by a fair preponderance of the evidence, the Court of Appeals has ruled that it constitutes proper practice for this court to review the record on appeal under the standard enunciated in *Santosky v Kramer* (455 US 745) — clear and convincing evidence — "without the necessity of an automatic remittal for a new hearing under that standard by the Family Court" (*Matter of Michael B.*, 58 NY2d 71, 72-73). Applying the *Santosky* test to the circumstances at bar, we find that the determination of the Family Court that the natural mother was guilty of permanent neglect was supported by clear and convincing evidence. The natural mother failed to formulate any plan for the return of the infant to her custody, notwithstanding diligent efforts by the local agency to encourage and strengthen the parental relationship. The infant had been in the custody of his foster parents for more than four years, during which time his medical needs have been meticulously attended to. Under the circumstances, it was in the best interest of the infant to have the parental rights of the mother terminated, making it possible for him to be adopted by the foster parents. Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.