■ In the Matter of ROXANN M. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INCORPORATED, et al., Respondents; NICHOLAS M., Appellant. — In a permanent neglect proceeding pursuant to article 6 of the Family Court Act, the appeal is from an order of the Family Court, Kings County (Kaplan, J.), dated July 31, 1981, which, *inter alia,* authorized petitioner to place the minor child, Roxann M., for adoption without appellant's consent. By order of the Family Court, Kings County (Becker, J.), dated February 2, 1979, petitioner's petition was dismissed on the ground that the father, Nicholas M., had been denied his due process rights when he was not informed that his parental rights could be severed if he failed to plan for the future of the child (see Social Services Law, § 384-b, subd 7, par [a]). By order dated May 19, 1980, this court reversed that determination, on the law and the facts, adjudicated the child to be permanently neglected, and remitted the matter to the Family Court, Kings County for an immediate dispositional hearing pursuant to section 631 of the Family Court Act (*Matter of Roxann Joyce M.,* 75 AD2d 872). After a dispositional hearing, the Family Court (Kaplan, J.), in the order appealed from, directed that the custody and guardianship of the child be awarded to petitioner for the purpose of adoption, and authorized it to place the minor child for legal adoption without the consent of the father. By order entered January 3, 1983, this court affirmed that determination, without opinion (*Matter of Roxann J. M.,* 91 AD2d 1211). Nicholas M. appealed from the order dated January 3, 1983 to the Court of Appeals, and that appeal brought up for review this court's prior order of May 19, 1980. The Court of Appeals reversed the order dated January 3, 1983 and remitted the matter to this court "for review of the

facts in light of *Santosky v Kramer* (455 US 745), or, in its discretion, remission to Family Court for a *de novo* hearing (cf. *Matter of Michael B.*, 58 NY2d 71)" (*Matter of Roxann Joyce M.*, 60 NY2d 564, 566-567).

Upon review of the facts in light of *Santosky v Kramer* (*supra*), order affirmed, without costs or disbursements.

We have reviewed the record and find that petitioner succeeded in proving, by clear and convincing evidence, that Nicholas M. had permanently neglected the child (see *Santosky v Kramer, supra*). In light of this finding of fact, a *de novo* hearing is not required (cf. *Matter of Michael B.*, 58 NY2d 71, *supra*). Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.