■ In the Matter of GEORGE SCHMERER, on Behalf of ANTONIA MCELROY, Respondent, v HUGH MCELROY, Appellant. — In a proceeding pursuant to section 454 of the Family Court Act, the appeal is from an order of the Family Court, Westchester County (Miller, J.), entered August 31, 1983, which, *inter alia*, (1) found that appellant had willfully failed to obey prior court orders of support and (2) committed the appellant to the Westchester County Penitentiary.

Order modified, on the law, by striking from the first decretal paragraph thereof the words, "based upon a preponderance of the credible evidence", and by substituting therefor the following: "based upon clear and convincing evidence". As so modified, order affirmed, without costs or disbursements.

The instant proceeding was commenced by petitioner pursuant to section 454 of the Family Court Act to punish appellant for willful violation of prior court orders of support. Accordingly, this proceeding is clearly analogous to an application to punish for civil contempt (see Judiciary Law, § 753) wherein the applicant "has the over-all burden of proof to establish, by clear and convincing evidence, that the court order or subpoena has been violated" (*Yalkowsky v Yalkowsky,* 93 AD2d 834, 835; see, also, *Stringfellow v Haines,* 309 F2d 910, 912; cf. *Addington v Texas,* 441 US 418).

In its decision, after a hearing, the Family Court held that petitioner had met his burden of establishing appellant's willful violation of prior court orders of support "beyond a reasonable doubt", a standard of proof which has been held to be unnecessarily stringent in the area of civil contempt (*Stringfellow v Haines, supra;* cf. *Addington v Texas, supra*). In the ensuing order of commitment entered upon its decision, the Family Court stated that the appellant's willful violation of prior court orders of support had been established by "a preponderance of the credible evidence". However, this latter standard of proof,

which is the most lenient standard of proof, cannot be utilized in this proceeding since it falls short of meeting the demands of due process (*Addington v Texas, supra*).

Nevertheless, upon our evaluation of the evidence in the hearing before the court, we conclude that the appellant's willful violation of prior court orders of support was established by the appropriate standard of proof, i.e., by clear and convincing evidence. Accordingly, we have modified the order appealed from to that effect (see *Matter of Michael B.*, 58 NY2d 71, 73). Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.