■ In the Matter of HANNAH C. MARY ANN C., Appellant; NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother of a child upon the ground that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, the mother appeals from an order of disposition of the Family Court, Nassau County (Feiden, J.), entered February 14, 1986, which, upon a fact-finding order entered September 4, 1985, made after a hearing, transferred and committed the guardianship and custody over the child to the petitioner Nassau County Department of Social Services.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In its oral decision, delivered immediately after the fact-finding hearing, the Family Court held that "by a preponderance of the evidence, which is clear and convincing [the mother] is presently and in the foreseeable future unable by reason of mental illness, to provide proper and adequate care". In the ensuing fact-finding order, the Family Court stated that "[b]ased on the preponderance of clear and convincing evidence [the mother] is presently incapacitated and possibly in the future will be incapacitated by reason of Mental Illness".

The mother contends that, by its language, the Family Court failed to find that she would, for the foreseeable future,

be unable to provide proper and adequate care for the child *(see,* Social Services Law § 384-b [4] [c]) by "clear and convincing proof" (Social Services Law § 384-b [3] [g]; *see, Santosky v Kramer,* 455 US 745).

We disagree. When viewed in context, the decision indicates that the Family Court employed the correct statutory and constitutional standards in arriving at its determination. Moreover, upon our evaluation of the evidence adduced at the fact-finding hearing, we conclude that the allegations of the petition were supported by clear and convincing evidence *(see, Matter of Michael B.,* 58 NY2d 71, 73; *Matter of Schmerer v McElroy,* 105 AD2d 840).

Finally, we reject the mother's contention that the psychiatrist appointed by the Family Court to examine her and evaluate her condition should not have been permitted to testify merely because he performs consultation services for the County of Nassau. The record is devoid of any evidence of bias. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.