■ In the Matter of VINCENT GERALD C. SUFFOLK COUNTY CHILD PROTECTIVE SERVICES, Appellant; JERRY P., Also Known as JERRY D., Respondent.—In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate the parental rights of the respondent natural father on the ground of permanent neglect, the petitioner appeals from an order of disposition of the Family Court, Suffolk County (Auperin, J.), entered May 4, 1989, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly determined that the petitioning agency failed to establish by clear and convincing evidence that the respondent natural father had failed to keep the agency apprised of his location for a period of six months. Accordingly, the agency was not relieved of its obligations under Social Services Law § 384-b (7) (a) *(see, Matter of Brown,* 139 Misc 2d 550; *Matter of Antoinette Frances G.,* 135 Misc 2d 1034; *see also, Matter of Sheila G.,* 61 NY2d 368, 383, n 5). In this regard, we note that the agency's trial counsel failed to lay a proper foundation for the admission into evidence of the file of the caseworker assigned to the infant *(see, Matter of Leon RR,* 48 NY2d 117; Carrieri, Practice Commentary, Mc-

Kinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 133-134). Further, contrary to the Law Guardian's appellate contention, the agency did not seek to be relieved of its obligations on the ground that it would not be in the best interest of the infant to be reunited with his natural father. Consequently, the Family Court did not address that issue.

However, we would be remiss if we did not make the following observations; at oral argument, it was disclosed that during the pendency of this appeal, the agency has apparently taken no further action to discharge its statutory responsibilities with regard to the infant. The agency cannot "retain [this infant] in the limbo of foster care while taking neither the actions deemed essential by the Legislature to facilitate the [infant's] return to [his natural father] nor those necessary to otherwise secure a permanent home for [him]" *(Matter of Antoinette Frances G.,* 135 Misc 2d 1034, 1043, *supra).* Therefore, under the circumstances, our determination is without prejudice to the agency expeditiously commencing further appropriate proceedings *(see,* Social Services Law § 384-b; *see also,* L 1983, ch 911, § 1). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.