■ In the Matter of ANGELINA CHARLOTTE A. ST. CHRISTOPHER-OTTILIE, Appellant; SAMUEL JOHN A., Also Known as SAMUEL A., Respondent. In the Matter of SAMANTHA LEE A. ST. CHRISTOPHER-OTTILIE, Appellant; SAMUEL JOHN A., Also Known as SAMUEL A., Respondent.—In related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the respondent on the grounds of abandonment, the petitioning agency appeals from so much of (1) a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated June 2, 1989, as dismissed the petition concerning Angelina Charlotte A. as against the respondent, and (2) a decree of the same court, also dated June 2, 1989, as dismissed the petition concerning Samantha Lee A. as against the respondent.

Ordered that the decrees are affirmed insofar as appealed from, without costs or disbursements.

The Surrogate's Court properly determined that the respondent, the putative father, had presented sufficient evidence to satisfactorily explain his failure to have maintained contact

with his children while he was incarcerated. Under the circumstances, the respondent's failure to visit the children and to communicate with them was due to inability, and his attempts to maintain contact with the mother and children, both by writing to her directly and through his own mother, did not manifest an intent to forego his parental rights and obligations (see, Social Services Law § 384-b [5] [a]; *Matter of Julius P.*, 63 NY2d 477, 481; *Matter of Vincent Gerald C.*, 168 AD2d 679; *Matter of Ulysses T.*, 87 AD2d 998, *affd* 66 NY2d 773; *see also, Matter of Wesley L.*, 72 AD2d 137, 143; *Matter of Stella B.*, 130 Misc 2d 148). Therefore, the petitioner failed to demonstrate by clear and convincing proof that the respondent had abandoned his children within the meaning of Social Services Law § 384-b (5) (a) (see, Social Services Law § 384-b [3] [g]). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.