■ In the Matter of LEE ANN N. et al., Children Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHY N., Appellant. — Mikoll, J.

Respondent challenges Family Court's finding of permanent neglect of three of her children on the ground that petitioner failed to prove, by clear and convincing evidence, that respondent failed to plan for the future of her children. Respondent argues that petitioner failed to prove that it made diligent efforts to strengthen and encourage the parental relationship and, absent such a threshold showing, permanent neglect may not be inferred.

To terminate parental custody on the ground of permanent neglect, petitioner must prove the allegations of its petition by clear and convincing evidence (Family Ct Act § 662). Further, proof must be adduced to show that petitioner "exercised diligent efforts to strengthen and encourage the parental relationship, except when such efforts would be detrimental to the children" (*Matter of Florence X.,* 75 AD2d 942). Diligent efforts are not required when "[t]he parent has failed for a period of six months to keep the agency apprised of his or her location" (Social Services Law § 384-b [7] [e] [i]).

In the instant case, respondent left her home and children for Florida on February 2, 1983. Respondent returned in May and,

although she contacted petitioner by phone, she failed to divulge her whereabouts or visit her children at a visitation arranged for her at her request during this call. She thereafter left for parts unknown. Respondent was finally arrested in New Hampshire on September 14, 1983. This seven-month hiatus from contact with petitioner, during which time it was unaware of respondent's whereabouts, excuses petitioner from its obligation to undertake diligent efforts to reunite parent and child (*Matter of Sheila G.*, 61 NY2d 368). Notwithstanding the lack of such obligation, the record discloses that before respondent absconded, petitioner made numerous efforts to help respondent reunite with her children. Respondent was assisted in finding housing, given budgetary guidance and directed to counseling services.

A failure to plan for the future of one's children constitutes permanent neglect (*see, Matter of Jennifer VV.*, 99 AD2d 882). This record sufficiently supports Family Court's finding that respondent failed to plan for the future of her children. Her refusal to participate in counseling for her drinking problem, her inability to address family budgetary problems, her failure to attend to her children's most basic physical and psychological needs and, finally, the abhorrent instance of permitting two of her children to be subjected to sexual abuse by her live-in paramour while under her care, all indicate that Family Court's decision is amply supported by the record.

Orders affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.