■ In the Matter of I. R. et al. ANGEL GUARDIAN HOME et al., Respondents; J. R., Appellant, et al., Respondent.—In two proceedings pursuant to Social Services Law § 384-b, the appeal is from two orders of the Family Court, Kings County (Sparrow, J.), both entered August 27, 1987, which, after a hearing, terminated the parental rights of the father with respect to his two children, aged 9 and 7, respectively, and committed their custody and guardianship to the Commissioner of Social Services of the City of New York and to the Angel Guardian Home for purposes of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

Social Services Law § 384-b authorizes the termination of parental rights, *inter alia,* for abandonment for the period of six months immediately prior to the date on which the peti-

tion was filed (Social Services Law § 384-b [4] [b]). In order to prevail in a proceeding such as this one, the petitioner must prove abandonment by clear and convincing evidence *(see, Matter of Catholic Child Care Socy. [Danny R.]*, 112 AD2d 1039). For purposes of this section, a child is "abandoned" by his parent if "such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]). Such a failure is evidence of an intention to forego parental rights and responsibilities *(see, Matter of Catholic Child Care Socy. [Danny R.], supra)*. In the absence of evidence to the contrary, the ability to communicate or visit is presumed (Social Services Law § 384-b [5] [a]; *see, Matter of Julius P.*, 63 NY2d 477). The burden rests with the parent to maintain contact *(Matter of Julius P., supra)*. Hence, while evidence of a failure to communicate or visit is not sufficient in and of itself to establish abandonment, inasmuch as inquiry must be made into whether or not there exists good reason for the failure to visit or communicate *(see, Matter of Catholic Child Care Socy. [Danny R.], supra)*, once a showing is made that the parent has failed to communicate or visit during the requisite period, the parent must show that "the asserted hardship permeated [his] life to such an extent that contact was not feasible" *(Matter of Catholic Child Care Socy. [Danny R.], supra*, at 1040).

The children were voluntarily placed in foster care three times between 1982 and 1985. The natural father last met with the children in July 1985. The following August, he met with the petitioner Angel Guardian Home, and was informed by it that he had to plan for his children's future. The Angel Guardian Home claims that the father failed to keep in contact thereafter. Petitions seeking to terminate his parental rights were filed on or about November 21, 1986, alleging, *inter alia*, that he failed to visit or communicate with the children or the Angel Guardian Home for six months.

At the fact-finding hearing, the father admitted that he failed to visit or communicate with the children or the Angel Guardian Home since August 1985. He claims that from September 1985 through March 1986 he was a resident in a drug treatment facility and that he was not free to leave the facility. From May 1, 1986, through the date of the fact-finding hearing, he had been incarcerated. During the interval between his residence in the drug facility and his incarcera-

tion, he claimed that he began using drugs again. His drug use, he asserted, precluded him from maintaining contacts during this interval.

Incarceration (see, Matter of Ulysses T., 87 AD2d 998, affd 66 NY2d 773), and by analogy, mere residence in a drug treatment facility, does not automatically excuse a parent from maintaining the contacts required under Social Services Law § 384-b (5). The father admitted that while confined in both the treatment facility and in prison, he was free to write letters and make telephone calls. Yet, while he claimed he made calls to his mother-in-law and his mother while in confinement, he admitted that he never called the children or notified the Angel Guardian Home of his whereabouts. We conclude that the father has failed to show that he was unable to at least communicate with the children or the Angel Guardian Home during these periods of confinement. Further, he claims that his drug use "debilitated" him in such a way as to preclude him from maintaining the requisite contacts. Yet, he was able to visit the Angel Guardian Home in August 1985 although, by his own admission, he was using drugs at that point in time. Significantly, at the fact-finding hearing, he failed to introduce any evidence to justify his claim that his drug use precluded him from maintaining contact. Without more, this unsupported claim is insufficient to meet the requirements of the statute. The father has failed to show that the circumstances he faced permeated his life to such an extent that contact was not feasible.

The father's remaining contentions are without merit. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.