■ In the Matter of JASMINE T., Alleged to be an Abandoned Child. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY U., Appellant.—Mercure, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered July 1, 1987, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jasmine T. an abandoned child, and terminated respondent's parental rights.

Petitioner commenced this proceeding on October 24, 1986 to terminate respondent's parental rights with respect to Jasmine T., who was then four years old and had been in foster care for more than 18 months. Following a hearing, Family Court found that respondent had abandoned the child and, accordingly, terminated respondent's parental rights, committed the child to the guardianship and custody of petitioner and empowered petitioner to consent to the adoption of the child. This appeal ensued with respondent contending that there was good reason for her failure to visit or communicate with the child and, thus, that the evidence was insufficient to meet the clear and convincing standard of proof.

In order to prevail in a proceeding seeking to terminate parental rights based upon abandonment, petitioner must prove abandonment by clear and convincing evidence (see, Santosky v Kramer, 455 US 745; Matter of Michael B., 58 NY2d 71; Matter of I. R. [J. R.], 153 AD2d 559). Social Services Law § 384-b (4) (b) authorizes the termination of parental rights upon the ground that a parent abandoned the child for

a period of six months immediately prior to the filing of the petition. Failure to visit or communicate is evidence of an intention to forego parental rights and responsibilities and the ability to communicate or visit is presumed unless there is evidence to the contrary (Social Services Law § 384-b [5] [a]; *Matter of I. R. [J. R.], supra,* at 560). Such a failure is not sufficient in and of itself to establish abandonment, however, since inquiry must be made, on a case-by-case basis, as to whether there exists good reason for the failure to visit or communicate *(Matter of I. R. [J. R.], supra,* at 560). At a minimum, it must be shown "that the asserted hardship permeated the parent's life to such an extent that contact was not feasible" *(Matter of Catholic Child Care Socy. [Danny R.],* 112 AD2d 1039, 1040).

Here, Family Court found that respondent failed to visit her daughter or communicate with her for a period in excess of six months prior to the filing of the petition. This determination is supported by the record and involves the assessment of the credibility of witnesses; thus, it should not be disturbed on appeal *(see, Matter of Trudell J. W.,* 119 AD2d 828). Moreover, respondent failed to adduce evidence sufficient to establish that the absence of contact was a result of circumstances which made it impossible for her to visit and communicate with the child *(supra; Matter of Catholic Child Care Socy. [Danny R.], supra,* at 1040). Although respondent was incarcerated in the Greene County Jail from the end of June 1986 through October 24, 1986, she was not incarcerated during the first two months of the requisite period. The record demonstrates that during this two-month interval respondent was in a neighboring county with access to a telephone, yet she failed to contact the child or petitioner. Nor does respondent's incarceration excuse her failure to communicate with the child or petitioner where, as here, she was free to write letters and make telephone calls *(see, Matter of I. R. [J. R.],* 153 AD2d 559, 561, *supra; see also, Matter of Gregory B.,* 74 NY2d 77, 89). Although she telephoned others while incarcerated in the Greene County Jail and had someone else write a letter to send to her other daughter, respondent made no effort to contact Jasmine or the foster parents. In our view, respondent has failed to show that she was unable to at least communicate with the child. Finally, although an agency is not required to exercise diligent efforts to establish contact *(Matter of Crawford,* 153 AD2d 108, 111), petitioner attempted to arrange visitation prior to this six-month period and, thereafter, made attempts to locate respondent.

We conclude that respondent evinced an intent to forego her parental rights and responsibilities in that she was not prevented or discouraged from doing so and she neither visited nor communicated with the child during the requisite six-month period. Accordingly, Family Court's order granting the petition and terminating respondent's parental rights must be upheld.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.