■ In the Matter of LEABERT V., Alleged to be a Permanently Neglected Child. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEDLEY V., Appellant. (And Another Related Proceeding.)—Casey, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Family Court of Dutchess County (Bernhard, J.), entered July 21, 1989, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, (2) from an order of said court, entered October 19, 1989, which set aside its previous decision and adjudicated respondent's child to be both abandoned and permanently neglected, and (3) from an order of said court, entered January 18, 1990, which, *inter alia,* terminated respondent's parental rights.

The child who is the subject of this proceeding, Leabert, was born in August 1976. His mother left Leabert in the care of respondent, his father, who then asked the child's great-grandmother to care for him. The great-grandmother subsequently arranged for Leabert's grandmother to care for him, and the grandmother thereafter requested that petitioner place the child in foster care.

In June 1988, petitioner filed a petition seeking termination of respondent's parental rights based on abandonment. On the trial date of the abandonment petition, a second petition was filed to terminate respondent's parental rights based upon permanent neglect. Respondent's attorney objected to proceeding on the permanent neglect petition due to lack of notice and Family Court determined that only the abandonment petition would be considered at the hearing.

Based on the evidence presented at the hearing, Family Court found Leabert to be a permanently neglected child. Respondent moved pursuant to CPLR 4404 (b) to set aside the decision and for a new hearing on the ground that Family Court had based its decision on permanent neglect in violation of the court's earlier determination to limit the hearing to consideration of the abandonment petition. Petitioner cross-moved, requesting that the court withdraw its decision and issue one on the abandonment petition, but contended that a new hearing was not necessary because the record developed at the original hearing was sufficient to provide a basis for a determination of the abandonment petition.

Family Court set aside its original decision and rendered a new decision, finding Leabert to be both permanently ne-

glected and abandoned. The court made findings on both petitions on the ground that the parties had argued both petitions during the original hearing so that a second hearing would be repetitious. In its order of disposition, which terminated respondent's parental rights, Family Court referred only to its finding of permanent neglect.

Based upon our review of the record, we conclude that there was ample evidence presented at the hearing to support Family Court's finding of abandonment. In particular, the testimony of Leabert, his foster mother and petitioner's caseworkers established that, during the relevant period, respondent's contacts with Leabert were minimal and were not initiated by respondent, and that respondent had not attended any of the visitations scheduled by petitioner. Although respondent and the child's grandmother testified that respondent had a number of regular contacts with him, most of these contacts occurred prior to the relevant period and any conflict in the parties' testimony presented a question of credibility for Family Court to resolve (see, Matter of Ravon Paul H. [Paul H.], 161 AD2d 257). To establish abandonment, it must be found by clear and convincing evidence that a parent has evinced "an intent to forgo his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]). Respondent's sporadic and unsubstantial contacts with Leabert are insufficient to defeat the abandonment petition, which is otherwise supported by the necessary clear and convincing evidence of abandonment (see, Matter of Ravon Paul H. [Paul H.], supra; Matter of Crawford, 153 AD2d 108).

Although there is adequate support in the record for Family Court's finding of abandonment, the order of disposition must be reversed since it is based at least in part on a finding of permanent neglect. Prior to the hearing, Family Court ruled that the hearing would be limited to the abandonment petition, and the record establishes that all parties, including the Law Guardian, proceeded under the impression that the hearing would be so limited. Although evidence relevant to permanent neglect may have been presented at the hearing, and although the parties may have referred to the neglect petition during the course of the hearing, we are of the view that Family Court was precluded by its prior ruling from considering the merits of the neglect petition over respondent's objection. Accordingly, the order entered October 19, 1989 should

be modified to delete the finding of permanent neglect, the order of disposition entered January 18, 1990 should be reversed and the matter should be remitted to Family Court for a new dispositional hearing.

Mahoney, P. J., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the appeal from order entered July 21, 1989 is dismissed, as moot, without costs. Ordered that the order entered October 19, 1989 is modified, on the law, without costs, by reversing so much thereof as made a finding of permanent neglect, and, as so modified, affirmed. Ordered that the order entered January 18, 1990 is reversed, on the law, without costs, and matter remitted to the Family Court of Dutchess County for further proceedings not inconsistent with this court's decision.