■ In the Matter of JUANIQUA PAULETTE E. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARLENE E., Appellant.—In a proceeding pursuant to Social Services Law § 384-b (4) to terminate the parental rights of the natural mother of the infant Juaniqua Paulette E., the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Westchester County (Spitz, J.), dated November 4, 1988, which after fact-finding and dispositional hearings, *inter alia,* granted the petition.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner met its burden of proving, by clear and convincing evidence, that the appellant abandoned her child *(see, Santosky v Kramer,* 455 US 745; *Matter of Michael B.,* 58 NY2d 71; *Matter of I. R.,* 153 AD2d 559). The evidence adduced at the fact-finding hearing established that any contact between the appellant and the child during the six-month period immediately preceding the filing of the petition was incidental and not initiated by the appellant *(see, Matter of Leabert V.,* 174 AD2d 883). Additionally, the appellant has failed to demonstrate that there existed a good reason for her failure to visit or communicate with the child *(see, Matter of I. R. supra; Matter of Catholic Child Care Socy.,* 112 AD2d 1039). The appellant's testimony that the petitioner failed to produce the child for visitation was directly contradicted by the caseworker, who stated that the appellant did not comply with visitation schedules, and appeared at the petitioner's offices only to inquire about financial assistance. The caseworker testified that during those appearances, it was she, the caseworker, who raised the issue of visitation, but that the appellant was uninterested in seeing the child. This conflict presented an issue of credibility for the trier of fact.

We also find that the record supports the Family Court's determination that the appellant permanently neglected the

child by failing to plan substantially and continuously for the future of the child despite the petitioner's diligent efforts to strengthen the parent-child relationship *(see,* Social Services Law § 384-b [7] [a], [c], [f]; *Matter of Gregory B.,* 74 NY2d 77; *Matter of Nathaniel T.,* 67 NY2d 838; *Matter of Star Leslie W.,* 63 NY2d 136). "In determining whether a parent has planned for the future of the child, the court may consider the failure of the parent to utilize medical, psychiatric, psychological and other social and rehabilitative services * * * made available to such parent" (Social Services Law § 384-b [7] [c]). Here, the appellant failed to complete necessary psychiatric and psychological evaluations and refused to participate in parenting skills therapy made available to her. Therefore, we concur with the Family Court in its finding of permanent neglect. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.