In the Matter of ALEXANDER V. et al., Alleged to be Abandoned Children. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ALEXANDER W., Respondent.—Mercure, J.

Respondent is the father of three children who were placed in foster care during 1987 and 1988. Visitation petitions filed by respondent in May and October 1988 were dismissed be-

cause of respondent's failure to appear in Family Court. Petitioner commenced this proceeding on January 3, 1989 seeking termination of respondent's parental rights upon the ground that respondent abandoned the children by failing to make contact with them or with petitioner during the six-month period immediately preceding the filing of the petition (see, Social Services Law § 384-b [4] [b]; [5] [a]). Following a hearing, Family Court found that by filing the two visitation petitions, respondent made contacts sufficient to defeat the abandonment petition.* In addition, Family Court ruled that respondent's psychological condition may have rendered him unable to maintain contact with his children. Accordingly, Family Court dismissed the petition. This appeal ensued.

There should be a reversal. Social Services Law § 384-b (4) (b) authorizes the termination of parental rights upon the ground of abandonment for a period of six months immediately prior to the date on which the petition was filed. In order to prevail in such a proceeding, petitioner must prove abandonment by clear and convincing evidence (see, Santosky v Kramer, 455 US 745; Matter of Jasmine T., 162 AD2d 756, lv denied 76 NY2d 714; Matter of I. R., 153 AD2d 559). "Failure to visit or communicate is evidence of an intention to forego parental rights and responsibilities and the ability to communicate or visit is presumed unless there is evidence to the contrary" (Matter of Jasmine T., supra, at 757; Social Services Law § 384-b [5] [a]).

Here, it is undisputed that respondent failed to visit or communicate with any of his children and failed to contact petitioner during the six months in issue. We reject respondent's argument that the filing of a visitation petition during the applicable six-month period precludes a finding of abandonment. By failing to appear at the hearing on the visitation petition, respondent "did not * * * meaningfully participate" in the proceeding (Matter of Loretta Lynn W., 149 AD2d 928). Sporadic and unsubstantial contacts are insufficient to defeat an abandonment petition which, as here, is otherwise supported by clear and convincing evidence (Matter of Leabert V., 174 AD2d 883). Therefore, the filing of the visitation petition was insufficient to satisfy respondent's burden to maintain contact (see, Matter of Crawford, 153 AD2d 108, 111; Matter of Loretta Lynn W., supra; Matter of Starr L. B., 130 Misc 2d 599, 603).

---

* The May 1988 visitation petition, expressly considered by Family Court, was filed before the six-month period of alleged abandonment and is, thus, irrelevant.

Nor can it be said that respondent's lack of contact was justified. Although the record demonstrates that respondent was of low to average intelligence, depressed, possibly paranoid, agitated and anxious, respondent did not show that these problems so permeated his life as to make contact with his children or petitioner during the relevant time period infeasible *(see, Matter of I. R. [J. R.],* 153 AD2d 559, 560-561, *supra; Matter of Catholic Child Care Socy. [Danny R.],* 112 AD2d 1039, 1040).* Accordingly, Family Court erred in dismissing the petition.

Weiss, Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this court's decision.

