■ In the Matter of LYNDELL M. ANGEL GUARDIAN HOME et al., Respondents; LYNDELL W., Appellant.—In a proceeding pursuant to Social Services Law § 384-b, the natural father appeals from an order of the Family Court, Kings County (Demarest, J.), dated August 13, 1990, which, after a fact-finding hearing, granted the petition, terminated his parental rights, and committed custody and guardianship of the infant Lyndell M. to the Commissioner of Social Services of the City of New York and to the Angel Guardian Home.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court found that the petitioner proved, by clear and convincing evidence (see, Santosky v Kramer, 455 US 745; Matter of Michael B., 58 NY2d 71), that the incarcerated natural father had abandoned the child in that he failed, without good reason, to communicate with the agency or the child for the six-month period immediately prior to the filing of the petition in this proceeding (see, Social Services Law § 384-b [4] [b]; [5] [a]). The Family Court made this finding after hearing testimony of a caseworker, the maternal grandmother, who is also the foster mother, and the natural father. The conflicting and sometimes inconsistent testimony of the foster mother and the natural father created an issue of credibility, which the Family Court resolved in favor of the petitioner. In a matter which involves an assessment of the

credibility of the witnesses, the findings of the hearing court must be accorded great respect *(see, Matter of Irene O.,* 38 NY2d 776; *Matter of Trudell J. W.,* 119 AD2d 828). We see no reason to disturb the findings of the hearing court.

We also find that the evidence was sufficient to justify the hearing court, in the exercise of its discretion, to determine on its own motion that no dispositional hearing was necessary *(see, Matter of Dlaine S.,* 72 AD2d 775).

We have considered the natural father's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.