■ In the Matter of JOSEPH H., a Child Alleged to be Abandoned. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Petitioner Erie County Department of Social Services (DSS) filed a petition under Social Services Law § 384-b seeking to terminate the parental rights

of respondent to her son Joseph H. on the ground that respondent had abandoned that child. A separate petition was filed seeking to terminate respondent's parental rights on the ground of permanent neglect. The petitions alleged that the child had come into the care and custody of the DSS shortly after his birth on January 22, 1981, due to medical complications experienced by the child at birth and his need for special after-care which respondent was unable to provide.

A joint fact-finding hearing was conducted on those petitions in Erie County Family Court. At the close of the proof, respondent's counsel made a motion to dismiss the petitions. Family Court denied the motion and found that respondent had abandoned and permanently neglected her infant son. Without conducting a dispositional hearing, the court entered two separate orders finding that respondent's child, Joseph H., is an abandoned child as defined by Social Services Law § 384-b and a permanently neglected child as defined by Family Court Act article 6, transferring guardianship and custody rights of the child to the DSS and authorizing DSS to consent to the adoption.

Upon our review of the record, we conclude that petitioner satisfied its statutory burden of proving the allegations in each of the petitions by clear and convincing proof (see, Social Services Law § 384-b [3] [g]). Petitioner presented undisputed evidence that respondent failed to visit with the child or communicate with him or the agency for a period in excess of six months prior to the filing of the petition. Such a failure is evidence of an intention to forego parental rights and obligations (Social Services Law § 384-b [4] [b]; [5] [a]). Thus, we conclude that petitioner sustained its burden of proving abandonment (see, Matter of Catholic Child Care Socy., 112 AD2d 1039).

There is also unrefuted testimony which established that respondent substantially and continuously or repeatedly failed to maintain contact with or plan for the future of her son for a period of more than one year, notwithstanding the agency's efforts to encourage her to strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]). Those efforts consisted of maintaining regular contact with respondent and advising her what she needed to do to have the child returned to her, including following through with planned visits and counseling at Child and Family Services and making necessary repairs to her home. Despite those diligent efforts, it is clear that respondent willfully refused to attend any counseling sessions. Thus, petitioner satisfied its burden of proving

permanent neglect *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142-144).

We find no merit to respondent's contention that she was denied the effective assistance of counsel in these proceedings. Upon our review of the record, we conclude that respondent's attorney afforded her meaningful representation *(see, Matter of Erin G.,* 139 AD2d 737, 739).

Finally, respondent contends that the dispositions must be reversed based upon Family Court's failure to conduct a dispositional hearing in accordance with the provisions of Family Court Act § 625. We disagree. Although it would have been better had Family Court conducted a dispositional hearing, where, as here, Family Court determined that there had been an abandonment as well as permanent neglect, a dispositional hearing is not mandated *(see, Matter of Dlaine Bernice S.,* 72 AD2d 775). (Appeal from Order of Erie County Family Court, LoRusso, J.—Abandonment.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.