■ In the Matter of ZAGARY GEORGE BAYNE G. SOCIETY FOR SEAMENS' CHILDREN et al., Respondents; GREGORY G., Appellant. (Proceeding No. 1.) In the Matter of JEANNE COCA JEREMIAH FELA Q. SOCIETY FOR SEAMENS' CHILDREN et al., Respondents; GREGORY G., Appellant. (Proceeding No. 2.) In the Matter of PAUL Q. SOCIETY FOR SEAMENS' CHILDREN et al., Respondents; GREGORY G., Appellant. (Proceeding No. 3.)— In three proceedings pursuant to Social Services Law § 384-b, *inter alia,* to terminate the parental rights of the natural father of three children, the natural father appeals, as limited by his brief, from (1) so much of two dispositional orders of the Family Court, Richmond County (Meyer, J.), both dated May 11, 1989, as terminated his parental rights with respect to Zagary and Jeanne and committed the custody of both children to the Society for Seamens' Children and the Commissioner of Social Services of the City of New York, and (2) so much of a dispositional order of the same court, dated October 23, 1989, as terminated his parental rights with respect to Paul and committed him to the custody of the Society for Seamens' Children and the Commissioner of Social Services of the City of New York. The appeals bring up for review three fact-finding orders of the same court (one as to each child), which, after hearings, found, *inter alia,* that the father had permanently neglected his three children.

Ordered that the orders dated May 11, 1989, are affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated October 23, 1989, is dismissed, with prejudice, without costs or disbursements.

We find that the Family Court properly found that the appellant abandoned his children Zagary and Jeanne such as to warrant the termination of his parental rights. A child is "abandoned" for the purposes of terminating parental rights

when the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit with the child and communicate with the child * * * although able to do so and not prevented or discouraged from doing so by the agency" for a period of six months immediately preceding the filing of the petition (Social Services Law § 384-b [5] [a]; [4] [b]).

Although there was no evidence that the agency either prevented or discouraged the appellant from visiting or communicating with Zagary and Jeanne, the appellant concedes that it was not until 14 months after his children entered foster care that he made his first attempt to locate them. Moreover, two weeks elapsed after the termination petitions were filed before the appellant met with a caseworker from the agency. Although the appellant did telephone the agency within the six months immediately preceding the filing of the petitions, a single communication with an agency, even when construed as an expression of interest in preserving parental rights, may not bar a finding of abandonment where the record as a whole reflects neither support for, nor contact with, the child by the parent (see, Matter of Corey L v Martin L, 45 NY2d 383; Matter of Crawford, 153 AD2d 108).

We also find that the Family Court properly found that the appellant had permanently neglected Zagary and Jeanne such as to warrant the termination of his parental rights. A "permanently neglected child" is defined as one "who is in the care of an authorized agency and whose parent * * * has failed for a period of more than one year * * * substantially and continuously or repeatedly to maintain contact with or plan for the future of the child * * * notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]).

Contrary to the contention of the appellant, the agency was excused from its statutory responsibility to exert diligent efforts to foster the appellant's relationship with the children since he failed to keep the agency apprised of his whereabouts for a continuous six-month period from the time the children entered foster care (see, Social Services Law § 384-b [7] [e]; Matter of O. Children, 128 AD2d 460; Matter of Lee Ann N., 110 AD2d 979; Matter of Melanie Ruth JJ., 76 AD2d 1008; Matter of June Y., 128 AD2d 538; Matter of Katina Valencia H., 119 AD2d 821). Further, the appellant failed to maintain contact with and to plan for the future of his children. The appellant had no contact with his children for a period of approximately two years after they entered foster care. The

appellant made no attempts to plan for his children before the termination petitions were filed. Indeed, in his sole conversation with a caseworker prior to the filing of the petition, the appellant expressed approval of a plan for the children's adoption. The appellant refused to disclose both his reasons for refusing to assume custody of the children as well as anything about his personal life, living situation, or financial situation. The appellant's proposal that the children live with his mother in North Carolina was his sole effort to plan. Since either a failure to plan or to maintain contact is sufficient to support a finding of permanent neglect, the Family Court's findings of neglect against the appellant are amply supported by the record (see, Matter of Star Leslie W., 63 NY2d 136; Matter of Orlando F., 40 NY2d 103).

Lastly, we note that it is undisputed that the appellant failed to appear for the fact-finding or dispositional hearing regarding the termination of his parental rights with respect to his son Paul and that the appellant never moved to vacate his default. Accordingly, the appeal from the order entered October 23, 1989, is dismissed since no appeal lies from an order entered upon the default of the aggrieved party (see, Gallant v Kanterman, 134 AD2d 181; Grober v Busigo, 133 AD2d 389; Cygielman v Cygielman, 111 AD2d 1057). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.