■ In the Matter of MILAGROS P., a Child Alleged to be Abandoned. JUAN P., Appellant.—Order, Family Court, New York County (Jeffry Gallet, J.), entered September 20, 1990, which *inter alia,* upon a finding that respondent had abandoned the subject child, permanently terminated his parental rights, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's finding that respondent had abandoned his daughter within the meaning of Social Services Law § 384-b (5). The petitioning agency clearly established that for more than two and a half years preceding the filing of the petition, respondent made no efforts to contact either the child or the agency *(see, Matter of Julius P.,* 63 NY2d 477), although during this time he was unincarcerated for a continuous period of 18 months. Moreover, incarceration does not automatically excuse a parent from establishing or maintaining contact with a child *(Matter of I. R.,* 153 AD2d 559, 561). Respondent's claim that his efforts to maintain contact were thwarted by petitioner was rejected by the court, which having observed the demeanor of the witnesses first hand, is in the best position to evaluate credibility *(Matter of Layton v Foster,* 61 NY2d 747, 749; *Matter of Whitten,* 101 AD2d 254, 257, *affd sub nom. Matter of Star Leslie W.,* 63 NY2d 136).

We have reviewed and find no merit to respondent's contentions that he did not receive proper notice of the termination proceedings (Social Services Law § 358-a [4] [a]; *see also,* Family Ct Act §§ 616, 617), that he was deprived of a fair hearing by questions put to him by the court in the course of his testimony *(see, People v Moulton,* 43 NY2d 944, 945), and that the court erred in not allowing him to testify concerning the contents of letters allegedly bearing on his attempts to communicate with the child *(see,* Richardson, Evidence § 568 [Prince 10th ed]). Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.