■ In the Matter of GINA RR., Alleged to be an Abandoned Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD RR., Appellant. [602 NYS2d 731] —Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 28, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned and terminated respondent's parental rights.

Respondent is the biological father of Gina RR. (born in 1977). In March 1988, Gina was adjudicated a neglected child

and placed in petitioner's custody for a period of 12 months;* numerous extensions of placement were subsequently granted by Family Court. Thereafter, on or about September 9, 1991, petitioner commenced this proceeding alleging that Gina was an abandoned child within the meaning of Social Services Law § 384-b (5) (a); specifically, petitioner alleged that respondent had failed to initiate and/or maintain any contact with Gina for a substantial period of time including, but not limited to, the six-month period immediately preceding the commencement of this proceeding. At the conclusion of the hearing that followed, at which respondent appeared and testified, Family Court found that Gina was an abandoned child and terminated respondent's parental rights. This appeal by respondent followed.

We affirm. A child is deemed "abandoned" for purposes of terminating parental rights when the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" for a period of six months immediately preceding the filing of the petition (Social Services Law § 384-b [5] [a]; [4] [b]; *see, Matter of Zagary George Bayne G. [Gregory G.]*, 185 AD2d 320, 320-321, *lv denied* 80 NY2d 760; *Matter of Alexander V. [Alexander W.]*, 179 AD2d 913, 914; *Matter of Jasmine T. [Mary U.]*, 162 AD2d 756, 756-757, *lv denied* 76 NY2d 714). The parent's ability to visit and communicate with the child is presumed unless there is evidence to the contrary (Social Services Law § 384-b [5] [a]; *see, Matter of Jasmine T. [Mary U.], supra,* at 757).

Here, petitioner established by clear and convincing evidence that respondent abandoned Gina by failing to visit or communicate with either Gina or petitioner during the six months in issue *(see generally, Matter of Michael W. [Tannesia W.]*, 191 AD2d 287). Although respondent testified that he was told by one of petitioner's caseworkers in 1988 that he was not allowed to visit Gina, this merely presented a credibility issue which Family Court, having observed the demeanor of the various witnesses firsthand, resolved in petitioner's favor *(see, Matter of Milagros P. [Juan P.]*, 187 AD2d 282; *Matter of Lyndell M. [Lyndell W.]*, 182 AD2d 623, 623-624). Moreover,

* The neglect petition was filed against Gina's biological mother and then-stepfather and also involved Gina's siblings; none of these individuals, however, are parties to or the subject of the instant proceeding.

even crediting respondent's testimony in this regard, this singular communication with petitioner and isolated attempt to visit Gina does not preclude a finding of abandonment where, as here, the record as a whole supports such a finding by clear and convincing evidence *(see, Matter of Zagary George Bayne G. [Gregory G.],* 185 AD2d 320, 321, *supra; Matter of Alexander V. [Alexander W.],* 179 AD2d 913, 914, *supra).* Respondent's remaining contentions, including his assertions that he was not provided with adequate notice of this proceeding and was denied a fair hearing, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the order is affirmed, without costs.