■ In the Matter of CECELIA A. and Others , Children Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ODESSA A. et al., Appellants. [604 NYS2d 327] —Weiss, P. J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered June 25, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate four of respondents' children to be abandoned, and terminated respondents' parental rights.

The record shows that pursuant to an order of Family Court made on May 2, 1988, four of respondents' six infant children (Cecelia [born in 1980], Stephanie [born in 1981], Cecil [born in 1983] and Jessica [born in 1984]) were temporarily placed in the care and custody of petitioner because of respondents' admitted improper conduct of a sexual nature in the presence of the children and because respondent father, with respondent mother's knowledge, had inappropriate contact with the children's anal areas. On January 6, 1989, Family Court

adjudicated the children to be abused and neglected and ordered continuation of foster care with petitioner. Respondents relocated to Illinois and, in October 1991, sought assistance from the Illinois Department of Children and Family Services in regaining custody of the children. By order entered June 25, 1992, after a hearing in which respondents twice failed to appear but were represented by assigned counsel, Family Court found that the efforts of respondents to contact the children for the six-month period immediately preceding the commencement of the proceeding was minimal and "not in and of itself sufficient to overcome the [a]bandonment [p]etition". Pursuant to Social Services Law § 384-b, the court adjudicated the children to be abandoned and terminated respondents' parental rights.

Petitioner's initial contention, that respondents' default in appearing at the hearing requires that this appeal be dismissed (see, CPLR 5511; Matter of Zagary George Bayne G., 185 AD2d 320, 322, lv denied 80 NY2d 760), is troublesome. While it is well settled that a party cannot appeal from an order entered upon default (CPLR 5511; see, e.g., Myers & Co. v Owsley & Sons, 192 AD2d 927; Matter of Mitchell v Morris, 177 AD2d 579), we are not convinced that respondents defaulted. They appeared by assigned counsel who cross-examined each of petitioner's witnesses, presented affidavits from each respondent (conceded to be hearsay) explaining their inability to attend, and made arguments before the court on their behalf. Unlike the respondent in Matter of Celeste M. (180 AD2d 437) cited by petitioner, respondents in this case had consulted with their attorney, offered cogent reasons for their inability to attend the hearing, and strenuously argued against the relief sought by seeking to show that they had been in contact with the children. Therefore, we reluctantly reject petitioner's contention that this appeal be dismissed.

Turning to the merits, we reach a different conclusion and hold that respondents' appeal lacks merit. The proof before Family Court, while controverted by respondents' affidavits, showed that they failed to maintain contact with the children or with petitioner for the six-month period immediately prior to the filing of the petition to terminate their parental rights (Social Services Law § 384-b [4] [b]; see, Matter of Michael W., 191 AD2d 287; Matter of Zagary George Bayne G., supra, at 321). The sporadic and unsubstantial contacts, even if made as respondents contend, are insufficient to defeat the abandonment petition which was otherwise supported by the requisite clear and convincing evidence (see, Matter of Alexander V.,

179 AD2d 913, 914; *Matter of Leabert V.,* 174 AD2d 883, 884; *Matter of Crawford,* 153 AD2d 108).

Yesawich Jr., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.