■ In the Matter of SAMANTHA V., a Child Alleged to be Abandoned. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD W., Appellant. [606 NYS2d 434] — Crew III, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered May 13, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated his parental rights.

In April 1989, Samantha V. (born in June 1984) was placed in petitioner's care by her mother, whose parental rights were subsequently terminated in March 1991. Thereafter, in May 1991, petitioner commenced this proceeding against respondent, who had been adjudicated Samantha's father, alleging that Samantha was an abandoned child within the meaning of

Social Services Law § 384-b; specifically, petitioner alleged that respondent failed to visit or contact Samantha within the six-month period immediately preceding the commencement of this proceeding. At the conclusion of the hearing that followed, at which respondent appeared and testified, Family Court found that Samantha was an abandoned child and terminated respondent's parental rights. This appeal by respondent followed.

We affirm. It is well settled that "[a] child is deemed 'abandoned' for purposes of terminating parental rights when the parent 'evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency' for a period of six months immediately preceding the filing of the petition" *(Matter of Gina RR.,* 197 AD2d 757, 758, quoting Social Services Law § 384-b [5] [a]; *see,* Social Services Law § 384-b [4] [b]; *Matter of Zagary George Bayne G.,* 185 AD2d 320, 320-321, *lv denied* 80 NY2d 760). The parent's ability to visit and communicate with his or her child is presumed absent evidence to the contrary (Social Services Law § 384-b [5] [a]; *see, Matter of Jasmine T.,* 162 AD2d 756, 757, *lv denied* 76 NY2d 714).

The record before us establishes, by clear and convincing evidence, that respondent abandoned Samantha by failing to visit or communicate with either Samantha or petitioner during the six months in issue *(see generally, Matter of Michael W.,* 191 AD2d 287). Although respondent testified that one of petitioner's caseworkers discouraged him from contacting Samantha, this merely presented a credibility issue for Family Court to resolve *(see, Matter of Lyndell M.,* 182 AD2d 623, 623-624). Moreover, even accepting respondent's assertions that his involuntary payments of child support and the institution of a subsequently withdrawn custody proceeding constituted "contact" with Samantha, these isolated "contacts" are insufficient to defeat a finding of abandonment where, as here, the record as a whole supports such a finding by clear and convincing evidence *(see, Matter of Gina RR., supra,* at 758). Respondent's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.