■ In the Matter of JEREMY TT. and Others, Children Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLENN TT., Appellant. [614 NYS2d 602] —Weiss, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered May 3, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated his parental rights.

All three of respondent's children had been adjudicated as neglected and placed in petitioner's custody and foster care. Respondent exercised supervised visitation through January 22, 1992 when he left New York without providing petitioner any means of contacting him. He ceased all communication with both petitioner and his children, and in September 1992 this proceeding was commenced to terminate his parental rights based on his failure to visit with the children or communicate with petitioner for more than six months. Following a fact-finding hearing at which respondent appeared and testified, Family Court sustained the petition, adjudicated the children to have been abandoned (Social Services Law § 384-b [5] [a]) and terminated his parental rights.

On this appeal, respondent contends that the evidence was insufficient to establish an abandonment. We disagree. The record reveals that petitioner established by clear and convincing evidence that respondent failed to visit or communicate with his children or petitioner during the seven-month period immediately prior to the filing of the petition and for more than three months thereafter although able to do so and not prevented or discouraged from doing so by the agency (see, Social Services Law § 384-b [5] [a]; *Matter of Samantha V.*

*[Richard W.]*, 200 AD2d 796; *Matter of Gina RR. [Richard RR.]*, 197 AD2d 757; *Matter of Anthony M.*, 195 AD2d 315). Respondent acknowledged that he left the State and deliberately concealed his whereabouts from petitioner and the children. He alleged only a singular surreptitious telephone call* communicating with one of the three children, which even if accepted by Family Court was of such minimal and unsubstantial nature that it could not defeat the otherwise unchallenged proof of a total lack of contact establishing the abandonment *(see, Matter of Corey L. v Martin L.*, 45 NY2d 383; *Matter of Gina RR. [Richard RR.]*, *supra; Matter of Zagary George Bayne G. [Gregory G.]*, 185 AD2d 320, *lv denied* 80 NY2d 760; *Matter of Alexander V. [Alexander W.]*, 179 AD2d 913; *Matter of Leabert V. [Hedley V.]*, 174 AD2d 883; *Matter of Crawford*, 153 AD2d 108). Clearly, respondent's failure to visit or communicate even while fully able evinced an intention to forego his parental rights and responsibilities *(see, Matter of Cecelia A. [Odessa A.]*, 199 AD2d 582). The minimal inquiries to his mother about the children fail to demonstrate any real effort to stay in touch with the children let alone to exercise any parental rights and responsibilities.

We find no merit in the remaining contentions. The record reveals that respondent was provided with effective and meaningful legal representation *(see,* Family Ct Act § 262; *Matter of Joseph H.*, 185 AD2d 682; *Matter of Daryl S.*, 180 AD2d 639, *appeal dismissed* 79 NY2d 1040), and that the interests of the children were appropriately represented by the Law Guardian whose opinion was properly considered by Family Court *(see, Matter of Perry v Perry*, 194 AD2d 837; *see also, Koppenhoffer v Koppenhoffer*, 159 AD2d 113, 117).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent testified that he called his mother in May 1992 while the children were at her house for a supervised visit, and that his mother placed his oldest child (then age 10) on the phone for 10 minutes outside the presence of the supervising caseworker. In an essentially one-sided conversation respondent instructed his son not to tell anyone about the call. While the testimony of respondent's mother confirmed the telephone call, Family Court failed to find that the alleged contact occurred.