■ In the Matter of the WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of THOMAS DEWAYNE W., Respondent. TERRY W., Appellant. [615 NYS2d 916] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from an order of the Family Court, Westchester County (Barone, J.), entered January 29, 1992, which determined that she had abandoned and permanently neglected her son, and terminated her parental rights.

Ordered that the order is modified, on the law, by deleting the provisions thereof which adjudicated Thomas Dewayne W. to be an abandoned child, terminated the mother's parental rights, committed the guardianship and custody of the child to the Westchester County Department of Social Services, and authorized the Commissioner of the Westchester County De-

partment of Social Services to consent to the adoption of the child; and as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a dispositional hearing.

The Family Court properly found clear and convincing proof that the appellant's son was a permanently neglected child *(see,* Social Services Law § 384-b [4] [d]; *Matter of Star Leslie W.,* 63 NY2d 136). The Westchester County Department of Social Services (hereinafter the DSS) demonstrated that it made diligent efforts to encourage and develop a meaningful relationship between the appellant and her son by, *inter alia,* scheduling visitation and attempting to maintain regular contact with the appellant, encouraging her participation in planning for her son, and placing her in a drug rehabilitation program *(see, Matter of Star Leslie W., supra; Matter of Joseph H.,* 185 AD2d 682; Social Services Law § 384-b [7] [f]). Despite these efforts, the appellant failed to maintain contact with the DSS, appear for or confirm scheduled visits, and enter an in-patient drug treatment program, as required by a prior court order *(see, Matter of Star Leslie W., supra; Matter of Joseph H., supra;* Social Services Law § 384-b [7] [c]). Her frequent periodic incarcerations did not relieve her of the responsibility to plan for her son's future *(see, Matter of Gregory B.,* 74 NY2d 77). Consequently, there was clear and convincing proof that the appellant substantially and continuously or repeatedly failed to maintain contact with or plan for the future of her son for a period of more than one year *(see,* Social Services Law § 384-b [7] [a]).

The court erred, however, in making a finding of abandonment. The allegation of abandonment was withdrawn by DSS at the close of its direct case. The court therefore had no authority to make a finding on that allegation, and that finding must be vacated *(see,* Social Services Law § 384-b [3] [b]).

A dispositional hearing is not required where there is an adjudication of abandonment *(see, Matter of Dlaine Bernice S.,* 72 AD2d 775). But, because that finding has been vacated, a dispositional hearing must be held in accordance with Family Court Act § 625 (a) *(see, Matter of Rosa B.,* 161 AD2d 1152). Therefore, we remit this matter to the Family Court, Westchester County, for a dispositional hearing. Lawrence, J. P., Santucci, Friedmann and Krausman, JJ., concur.