The appellant's contentions regarding the adequacy of the notice served by the presentment agency pursuant to CPL 710.30 and the Family Court's denial of his motion to renew his previously withdrawn request for a *Wade* hearing are without merit *(see, e.g., People v Branigan,* 207 AD2d 459; *Matter of Ronald W.,* 146 AD2d 703). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.

In the Matter of CRYSTAL C. EDWIN GOULD SERVICES FOR CHILDREN et al., Respondents; JOAN C., Appellant. [631 NYS2d 376] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother, the appeal is from a dispositional order of the Family Court, Kings County (Lubow, J.), dated March 31, 1993, made after a hearing, which, upon a fact-finding order of the same court, dated November 5, 1992, finding that the natural mother had abandoned her child, terminated her parental rights and committed the custody of her child to the Commissioner of Social Services of the City of New York and Edwin Gould Services for Children for the purpose of adoption. The appeal brings up for review the fact-finding order dated November 5, 1992.

Ordered that the dispositional order dated March 31, 1993, is affirmed, without costs or disbursements.

The Family Court properly found that the appellant abandoned her child Crystal. A child is abandoned when the parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit with the child and communicate with the child or agency although able to do so and not prevented or discouraged from doing so by the

agency for a period of six months immediately preceding the filing of the petition *(see,* Social Services Law § 384-b [5] [a]; [4] [b]).

Hospitalization or residence in a drug treatment facility does not automatically excuse a parent from maintaining the contacts required under the Social Services Law *(see, Matter of I. R.,* 153 AD2d 559). At the fact-finding hearing it was established that the appellant did not have any contact with Crystal from the time she was born until after the date the subject petition was filed. Moreover, there was no evidence that the appellant's alleged illnesses and drug use so permeated her life that such contact was not feasible. Furthermore, other than the appellant's assertions to the contrary, there was no credible evidence that the agency either prevented or discouraged her from visiting or communicating with Crystal. Although the appellant did make a single telephone call to a Child Welfare Administration caseworker during the relevant six-month period requesting a visit with Crystal she never took steps to consummate the visit. This was not a communication with the agency as prescribed by the statute and even if it could be described as such, a single communication with an agency does not bar a finding of abandonment where the record as a whole reflects neither support for, nor contact with, the child by the parent *(see, Matter of Zagary George Bayne G.,* 185 AD2d 320).

After a finding of abandonment, the disposition of custody is influenced or controlled by what is in the best interests of the child *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *Matter of Pauline G. v Carolyn F.,* 187 AD2d 589). In light of the fact that even after the fact-finding hearing the appellant had no more than three visits with Crystal, that she failed to successfully bond and interact with her, and in view of the fact that Crystal had resided with and psychologically bonded with her foster family and that her foster parents wished to adopt her, the Family Court properly found that the best interests of the child would be furthered by terminating the appellant's parental rights and freeing her for adoption. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.