■ In the Matter of ROBIN PP., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT PP., Appellant. [635 NYS2d 707] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered December 13, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the father of Robin PP. (born in 1993). A petition was filed by the Cortland County Department of Social Services pursuant to Family Court Act article 10 on March 11, 1993. The matter was thereafter transferred to Tompkins County Family Court on March 12, 1993 and, pursuant to an order of that court, the child was placed with petitioner. On May 22, 1993, the parties agreed and stipulated to an adjudication and order of disposition. The child was adjudged to be a neglected child and placed in petitioner's custody for a period of up to 12 months. Respondent was placed under the supervision of petitioner and consented, *inter alia*, to a psychosocial evaluation and a drug/alcohol evaluation. Further, respondent agreed to participate in an alcohol rehabilitation program and/or a program of personal or family counseling or therapy. By petition dated May 31, 1994, petitioner commenced the instant proceeding alleging the child to be permanently neglected and requesting termination of respondent's parental rights. After a fact-finding hearing and dispositional hearing, Family Court sustained the petition and terminated respondent's parental rights. Respondent appeals.

It is well settled that in any permanent neglect proceeding Family Court must first determine if the petitioning agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (*see*, Social Services Law § 384-b [7]; *Matter of Jamie M.*, 63 NY2d 388, 390-391; *Matter of Mary S.*, 182 AD2d 1026, 1027). Witnesses for petitioner, including respondent's caseworker and the child's foster mother, testified that arrangements were made for respondent to participate in a domestic violence program, a parenting class, a program to treat alcoholism and a group program for sex offenders; further, respondent was allowed supervised visitation with his child. The testimony further indicated that although respondent did complete the parenting program, he failed to complete the other programs and only took advantage of 10 of 63 scheduled visits with the child between 1993 and 1994. Respondent contends, however, that due

to financial limitations and his geographic location, the plan instituted by petitioner was destined to fail. This contention was supported only by respondent's testimony; he testified, *inter alia*, that during 1993 and 1994 he missed only four scheduled visits and, further, that his failure to complete the domestic violence program was due to a lack of funds. Witnesses for petitioner contradicted both statements. Allowing Family Court deference in the resolution of credibility issues (*see, Matter of Michael BB.*, 206 AD2d 600, 601; *Matter of Francis R.*, 201 AD2d 834; *Matter of Lyndell M.*, 182 AD2d 623), we conclude that there is clear and convincing evidence in the record to support Family Court's determination that petitioner used diligent efforts to reunite parent with child and, further, that respondent was uncooperative and failed to complete the provisions of the agreed-upon disposition of May 22, 1993, thereby failing to plan for the child's return.

Finally, respondent's contention that Family Court erred by allowing petitioner to file a permanent neglect petition less than one year after the admission of neglect is without merit. Social Services Law § 384-b (7) (a) states, in pertinent part: "For the purposes of this section, 'permanently neglected child' shall mean a child who is in the care of an authorized agency and whose parent or custodian has failed for a period of more than one year following the date such child came into the care of an authorized agency." Petitioner's permanent neglect proceeding, commenced by petition dated May 31, 1994, was commenced more than one year after the child's placement with petitioner on March 12, 1993. The key date, according to Social Services Law § 384-b (7) (a), is the date the child came into custody of the petitioning agency and not, as contended by respondent, the date of the adjudication of neglect (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.