■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of YVONNE N., Appellant, v CHRISTINA N., Respondent. [639 NYS2d 468]

The Family Court erred when it determined that the petitioner failed to prove by clear and convincing evidence that it had fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the respondent's relationship with her daughter, Yvonne (see, Social Services Law § 384-b [7] [a]; Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T., 207 AD2d 399, 400-401; Matter of Shantelle W., 185 AD2d 935, 938). Since the petitioner satisfied its burden of proof, the Family Court should have considered and determined

whether the respondent had planned for the future of the child by taking the necessary steps to overcome her substance abuse problem *(see generally, Matter of Shantelle W., supra,* at 938-939; *Matter of Westchester County Dept. of Social Servs. [Thomas Dewayne W.],* 207 AD2d 496, 497; *Matter of Desire Star H.,* 202 AD2d 582, 584; *Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P.,* 195 AD2d 512, 513). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.