■ In the Matter of CHILDREN'S VILLAGE, on Behalf of VERNICCIA JANET F., Also Known as VERONICA F., Respondent. THOMAS F., Appellant. (Proceeding No. 1.) In the Matter of CHILDREN'S VILLAGE, on Behalf of MARY ANN F., Also Known as MARYANNE F., Respondent. THOMAS F., Appellant. (Proceeding No. 2.) In the Matter of CHILDREN'S VILLAGE, on Behalf of SIDNEY F., Respondent. THOMAS F., Appellant. (Proceeding No. 3.) [668 NYS2d 101] —In three proceedings pursuant to Social Services Law § 384-b, *inter alia*, to terminate the parental rights of the putative biological father of three children, the putative biological father appeals from three orders of the Family Court, Kings County (Hepner, J.), all dated September 25, 1996 (one entered in each proceeding),

which, upon fact-finding orders of the same date, made after a hearing, terminated his purported parental rights and committed the children to the joint custody of Children's Village and the Commissioner of Social Services of the City of New York for the purposes of placing them for adoption. The appeals bring up for review the fact-finding orders dated September 25, 1996.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing proof of the putative biological father's abandonment of his three children for the six-month period immediately prior to the filing of the petition (*see*, Social Services Law § 384-b [4] [b]). The evidence that he visited with the children once during the six-month period prior to the filing of the petition was insufficient to avoid the termination of his parental rights (*see, Matter of Richard X.*, 226 AD2d 762; *Matter of Crystal C.*, 219 AD2d 601; *Matter of Orange County Dept. of Social Servs. [Christine S.]*, 203 AD2d 367).

The appellant's remaining contentions are without merit. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.