■ In the Matter of ALEXA RAY R. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ANGEL R., Appellant. [714 NYS2d 347] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon abandonment, the father appeals from an order of the Family Court, Kings County (Adams, J.), dated December 15, 1998, which, after fact-finding and dispositional hearings, found that he had abandoned the subject child, terminated his parental rights, and transferred custody and guardianship of the subject child to the Commissioner of the Administration for Children's Services for the purposes of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The respondent established at the fact-finding hearing that the father had failed to communicate with the subject child during the six-month period preceding the filing of the petition, thus creating a presumption that he intended to forego his parental rights (*see,* Social Services Law § 384-b [5] [a]). The father did not carry his burden of proving that he had been unable to maintain contact with his child, or that he was discouraged or prevented from doing so by the agency or someone united in interest with it (*see, Matter of Anthony M.,* 195 AD2d 315, 316; *Matter of Jasmine T.,* 162 AD2d 756, 757; *Matter of I. R.,* 153 AD2d 559, 560; *Matter of Trudell J. W.,* 119 AD2d 828; *Matter of Ulysses T.,* 87 AD2d 998, 999, *affd* 66 NY2d 773).

Contrary to the father's contentions on appeal, his failure to carry his evidentiary burden was unrelated to any evidentiary rulings by the Family Court. The Family Court afforded him great latitude in testifying and in cross-examining the foster mother regarding her facilitation of his visitation. The mere fact that the foster mother did not like him, which caused him to feel uncomfortable in her presence, does not rise to the level of agency discouragement or prevention of contact (*see, Matter of Chaka F.,* 220 AD2d 310; *Commissioner of Social Servs. [L. Children] v Diana R.,* 160 Misc 2d 512).

The Family Court's assessment of the credibility of the witnesses is supported by the record (*see, Matter of Irene O.,* 38 NY2d 776, 777-778; *Matter of Orange County Dept. of Social Servs. [Christine S.],* 203 AD2d 367; *Matter of Samantha V.,* 200 AD2d 796; *Matter of Milagros P.,* 187 AD2d 282; *Matter of Jasmine T., supra*).

Finally, the Family Court providently exercised its discretion in refusing to grant the father's midtrial request for an adjournment so that he could examine the agency's case records from 1991 through 1994 (*see, Matter of Anthony M.,* 63 NY2d 270; *Malhotra v Gupta,* 226 AD2d 682). When the court asked counsel for an offer of proof as to the relevance of those early records to an abandonment petition encompassing the period of December 22, 1996, through May 22, 1997, counsel speculated that he "might find" evidence of prior attempts by the foster mother to prevent or discourage contact between the father and child. Counsel's hopeful conjecture did not rise to the level of "good cause" sufficient to warrant an adjournment of the fact-finding hearing (Family Ct Act § 626 [a]). Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.