■ In the Matter of KERRY J. TERRY J., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. [732 NYS2d 430] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Kings County (Segal, J.), dated June 16, 2000, which, after a fact-finding and dispositional hearing, terminated his parental rights upon a finding that he abandoned the subject child, and transferred custody and guardianship of the child to the custody of the Commissioner of Social Services of the City of New York and the Seamen's Society for Children and Families for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

At a fact-finding and dispositional hearing, the Commissioner of Social Services of the City of New York (hereinafter the Commissioner) proved by clear and convincing evidence that the father had abandoned his child for a period of at least six months immediately preceding the filing of the instant petition (Social Services Law § 384-b [4] [b]). According to the Commissioner's evidence, between June 22, 1998, and December 22, 1998, the father, who is serving a sentence of 20 years to life imprisonment at the Greenhaven Correctional Facility, made only a single telephone call to his son's caseworker regarding the child. Moreover, this solitary telephone call was in response to a telephone call made to the father by the agency. In the course of the conversation, the father consented to his son's adoption (although he later denied this), and he did not ask for an opportunity to visit with his son. The remaining contacts that the father allegedly tried to make with the child were either outside the applicable six-month period (*see, Matter of Leabert V.,* 174 AD2d 883), or were inadequately proven.

In any event, even crediting the father's testimony that since his son's birth in August 1997 he has made three telephone inquiries regarding him and has sent him an occasional letter and gift, the attempted contacts were so sporadic and insubstantial as to be insufficient to defeat the court's finding of abandonment (*see, e.g., Matter of Omar RR.,* 270 AD2d 588; *Matter of Oneka O.,* 249 AD2d 233; *Matter of Michelle S.,* 234

AD2d 800; *Matter of Christine S.,* 203 AD2d 367; *Matter of Zagary George Bayne G.,* 185 AD2d 320, 321; *Matter of Crawford,* 153 AD2d 108, 110). Altman, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.