■ In the Matter of ANTHONY T., a Child Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FLORENCE T., Appellant. [617 NYS2d 390] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered August 31, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's

children as abandoned and terminated respondent's parental rights.

It is well settled that parental rights may be terminated on the ground of abandonment if the parent abandons the child for a period of six months immediately preceding the filing of the petition (see, Social Services Law § 384-b [4]; *Matter of Jasmine T.,* 162 AD2d 756, *lv denied* 76 NY2d 714). The party seeking to terminate parental rights must prove both the abandonment by clear and convincing evidence (see, *Matter of Michael B.,* 58 NY2d 71, 74) and that termination and release of the child for adoption is in the best interest of the child (see, *Matter of Bennett v Jeffreys,* 40 NY2d 543, 547). It is, however, well settled that the failure of a parent to visit or communicate with a child is not sufficient in and of itself to establish abandonment if there exists good reason for such failure (see, *Matter of I. R. [J. R.],* 153 AD2d 559, 560; *Matter of Catholic Child Care Socy.,* 112 AD2d 1039).

On this appeal, respondent contends that Family Court erred in refusing to accept her explanation for her failure to communicate with her children.* At the fact-finding hearing, respondent testified that she did not contact petitioner which had custody of the children, or the foster home in which the children lived because she was a fugitive and believed that calling or writing would provide her location to the United States Marshall and result in her apprehension. Respondent admitted that she did keep in touch with her mother and sister by telephone. Moreover, on cross-examination respondent admitted that, even after she was apprehended by Federal authorities in June 1991 and incarcerated, she failed to contact the children.

In rejecting her excuse, Family Court reasoned that respondent made a clear choice in deciding to remain at large rather than attempt to communicate with her children. We agree with Family Court that such excuse is insufficient to avoid a finding of abandonment. If we were to accept her argument, the future of children of fugitives would have to be held in abeyance while their parents remained at large. Certainly, the Legislature did not intend this result.

Addressing next Family Court's determination that it was in the children's best interests to terminate parental rights and free them for adoption, we note the tumultuous background of the four children who are the subject of this

---

* It is notable that the Law Guardian chose not to participate in this appeal. Therefore, the children's voice has been silenced.

proceeding. The record reflects that respondent was incarcerated in 1986, the year of her youngest child's birth, and sentenced to a Federal prison for two years. During this sojourn into the prison system, respondent gave temporary custody of her children to her mother, where they remained until 1989 when the maternal grandmother was arrested on drug charges. At that time, the children were placed in foster care. In 1988, after being released on parole, respondent fled New York with two of her four children but was soon apprehended in Florida. The children were sent back to foster care and respondent was sent back to prison. Respondent was subsequently paroled to a halfway house from which she absconded in 1990, remaining a fugitive until she was again apprehended in June 1991. Respondent was then sentenced to an additional 10 months in prison. As we previously noted, after her last apprehension by authorities, she still failed to contact the children for over five months.

While the record clearly establishes that respondent has great love and affection for her children, she certainly has not parented them for years. The Legislature found that "it is desirable for children to grow up with a normal family life in a permanent home and that such circumstance offers the best opportunity for children to develop and thrive" (Social Services Law § 384-b [1] [a] [i]). Here, the three older children have not experienced a stable home environment with respondent for years and the youngest child has yet to experience one. Hence, we find that Family Court appropriately determined that it was in the best interests of the children to terminate the parental rights of respondent and free the children for adoption.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.