■ In the Matter of JOHN Z., a Child Alleged to be Abandoned. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIA AA., Appellant. [619 NYS2d 175] —Crew III, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered November 2, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

Respondent is the biological mother of John Z. (born in 1983). It appears that respondent and John's father were awarded joint custody of the child in January 1987, with sole custody being awarded to the child's father in March 1988 following respondent's relocation to another State. John apparently remained in his father's custody until August 1989, when he was voluntarily placed with petitioner. Although not entirely clear from the record, it appears that John subsequently was found to be abused and neglected by his father and custody was continued with petitioner pending the father's completion of certain conditions imposed by Family Court.*

In February 1992, petitioner commenced this proceeding against respondent pursuant to Social Services Law § 384-b seeking to terminate respondent's parental rights based upon her alleged abandonment of her child. Specifically, petitioner alleged that respondent had failed to visit or communicate with John between May 24, 1991 and the filing of the petition. At the conclusion of the fact-finding hearing that followed, Family Court found that respondent had abandoned John and thereafter entered a dispositional order terminating respondent's parental rights. This appeal by respondent followed.

* Respondent was not a party to the abuse and neglect proceeding.

We affirm. A child is deemed "abandoned" for purposes of terminating parental rights when the parent in question "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" for a period of six months immediately preceding the filing of the petition (Social Services Law § 384-b [5] [a]; *see,* Social Services Law § 384-b [4] [b]; *see also, Matter of Samantha V.,* 200 AD2d 796; *Matter of Gina RR.,* 197 AD2d 757). The parent's ability to visit and communicate with his or her child is presumed absent evidence to the contrary (Social Services Law § 384-b [5] [a]). Where, however, a good reason exists for the parent's failure to visit or communicate with the child, such failure will not, in and of itself, be sufficient to establish abandonment *(see, Matter of Anthony T.,* 208 AD2d 985; *Matter of Jasmine T.,* 162 AD2d 756, *lv denied* 76 NY2d 714).

Initially, we reject respondent's assertion that petitioner was required to exercise "diligent efforts" to strengthen her relationship and reunite her with her son. "The law is clear that when proceeding on the ground of abandonment, an agency need not prove that it exercised diligent efforts to encourage and strengthen the parental relationship" *(Matter of Anthony M.,* 195 AD2d 315, 317 [citation omitted]; *see,* Social Services Law § 384-b [5] [b]). Thus, although petitioner did attempt to contact respondent and arrange visitation during the six-month period at issue, it was under no obligation to do so *(see, Matter of Jasmine T., supra,* at 757).

Respondent next asserts that she came forth with good reasons for not visiting her child during the period at issue including, *inter alia,* difficulties in arranging transportation, problems in receiving mail and lack of accessible phone service. We cannot agree. Not only are many of respondent's assertions in this regard belied by the record, but even crediting her testimony on these points, we are of the view that such difficulties did not so permeate respondent's life as to make contact with her son unfeasible *(see, Matter of Anthony M., supra,* at 316; *Matter of Catholic Child Care Socy.,* 112 AD2d 1039, 1040). Respondent's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.