■ In the Matter of BABY GIRL I., a Child Alleged to be Abandoned. CATHOLIC CHARITIES OF THE DIOCESE OF ALBANY, Appellant; ANTHONY J., Respondent. (And Another Related Proceeding.) [619 NYS2d 832] —Casey, J. Appeal from that part of an order and judgment of the Family Court of Albany County (Tobin, J.), entered November 1, 1993, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned.

Petitioner contends that Family Court erred in denying the petition which sought to terminate respondent's parental rights based upon abandonment. Pursuant to Social Services Law § 384-b (5) (a), a child is abandoned if the parent evinces an intent to forego parental rights and obligations as manifested by the parent's failure to visit the child or communicate with the child or the agency, although able to do so and not prevented or discouraged from doing so by the agency. "The statute makes clear that the burden rests on the parent to maintain contact and that subjective good faith will not prevent a finding of abandonment [citation omitted]" *(Matter*

*of Julius P.,* 63 NY2d 477, 481). It is equally clear that the party seeking to terminate parental rights must prove abandonment by clear and convincing evidence (Social Services Law § 384-b [3] [g]).

Petitioner contends that it met its burden of proof because it is undisputed that respondent failed to visit his daughter or personally communicate with the child or the agency for the six-month period established by Social Services Law § 384-b (4) (b). Family Court, however, made certain factual findings upon which it concluded that respondent did not intend to forego his parental rights and responsibilities during the 6½ months that he was incarcerated. In particular, Family Court found that respondent had exercised his parental rights and obligations prior to his incarceration by obtaining an order of filiation after he learned that the mother had executed a judicial surrender for adoption. After petitioner agreed to visitation, respondent visited with his infant daughter 17 times and commenced a proceeding to obtain custody, which was pending when he was incarcerated. During his incarceration, respondent was deposed by petitioner's attorney in connection with the custody proceeding.

Family Court found that respondent reasonably decided not to seek visitation with his daughter at jail because of his concern for her reaction to new surroundings based upon his earlier experiences during visitation. The court also accepted respondent's explanation that he did not try to write or call his daughter because she did not yet read or talk. Respondent explained that his failure to communicate directly with the agency was due largely to his fear that if the agency learned of his incarceration it would be used against him in his custody proceeding. Considering all of the circumstances, Family Court found that respondent's wariness of the agency was to be expected. Family Court further found that respondent did make one attempt to telephone the agency, which was unsuccessful. Family Court also found that at respondent's request, the woman with whom he had developed a relationship prior to his incarceration sought visitation with respondent's daughter and information about the child, but the agency refused to recognize the woman's status in this nontraditional family. During his incarceration, respondent also made plans for his daughter in the event that he was successful in the custody proceeding.

Based upon all of the relevant facts and circumstances, Family Court concluded that despite respondent's failure to visit with his daughter or personally communicate with the

child or agency for six months, his conduct was not that of a parent who shows no interest in his child and intends to forego his parental rights and obligations. Family Court's factual findings are supported by evidence in the record and are based in part on determinations of credibility. The findings provide objective evidence of respondent's intent, and the record affords no basis to disturb Family Court's conclusion that petitioner did not establish abandonment by clear and convincing evidence.

Mercure, J. P., Crew III and White, JJ., concur; Peters, J., not taking part. Ordered that the order and judgment is affirmed, without costs.