■ In the Matter of Elizabeth YY., Appellant, v Albany County Department of Social Services et al., Respondents. [644 NYS2d 856] —Mikoll, J. P. Appeal from that part of an order of the Family Court of Albany County (Tobin, J.), entered December 22, 1994, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her niece.

Petitioner filed a petition on January 25, 1994 seeking custody of her niece, an infant born in 1989 to respondent Sondra ZZ. (hereinafter the mother) and respondent James YY. (hereinafter the father). Petitioner, who is the sister of the father, stated that she was aware that the father had taken the infant to the hospital in May 1990 because she was starving but petitioner did not become involved believing the mother would do better. Thereafter respondent Albany County Department of Social Services removed the infant from her home and placed her with her maternal grandmother. Approximately three months later the grandmother died and the infant was then placed in foster care.

In November 1991, the Department filed a petition against the mother claiming that she had abandoned the infant and two other children, Kamel and Javar. The Department was given care and custody of Kamel and Javar who were then placed in separate foster homes. In October 1992 the infant was transferred to a second foster home joining her brother Kamel. The infant and Kamel remained together in this foster home. The Department also filed a petition against the father, who apparently was not the biological father of either Kamel or Javar, charging that he had abandoned the infant.

Following a fact-finding hearing on the two abandonment petitions filed by the Department, the mother and father were found to have abandoned their respective children. A dispositional hearing was later held at which time petitioner's custody petition was also considered.

Following the dispositional hearing, Family Court terminated the mother's and father's parental rights on the ground of abandonment, ordered that the children be placed in the custody of the Department and freed the children for adoption. The court also denied petitioner's custody petition. Petitioner appeals from so much of the order as denied her custody.

Petitioner argues that Family Court's order should be reversed because (1) the court applied an improper standard of review in denying her custody, (2) the evidence did not support Family Court's custody decision, (3) the court improperly held that the infant should be adopted by her foster family, and (4) the Department violated the provisions of Family Court Act § 1017 (1) (a), which require it to uncover her as a person related to the infant with whom the infant may appropriately reside. We disagree and affirm the order of Family Court.

Considering the issues raised seriatim, we conclude that Family Court applied the proper standard of review in determining placement of the infant. After a finding of

abandonment by the parents, "the disposition of custody is influenced or controlled by what is in the best interests of the child" (*Matter of Crystal C.*, 219 AD2d 601, 602; *Matter of Anthony T.*, 208 AD2d 985, *lv denied* 85 NY2d 801).

Petitioner's assertion that *Matter of Michael B.* (80 NY2d 299) establishes the standard of review in this case is misplaced. The issue involved there was whether a biological father, whose children had been voluntarily placed in foster care and who had not had his parental rights terminated, should be awarded custody. On the other hand, here petitioner has had no prior legal relationship with the infant. It appears that it would not be in the best interest of the infant to place her in petitioner's custody.

Petitioner's argument that a preponderance of the evidence did not support Family Court's "best interest of the child" custody decision lacks merit. Petitioner's status as the infant's aunt does not give her any superior rights or precedence for custody of the infant (*see, Matter of D. Children*, 177 AD2d 393, 394, *appeal dismissed, lv dismissed* 79 NY2d 911; *see also, Matter of Peter L.*, 59 NY2d 513). The evidence established that the infant was in a stable and secure foster home, had been reunited with Kamel and was well-adjusted. It appears that the infant has developed a close relationship with Kamel and, if separated, would probably withdraw and regress to the poor emotional state she was in when she arrived in foster care approximately two years earlier. On the other hand, despite being aware of the infant's ill treatment by her parents, petitioner did nothing on the infant's behalf until years had passed. Petitioner was motivated too belatedly to get involved due to concern over her brother. In light of the facts before it, Family Court did not abuse its discretion in denying custody to petitioner.

Petitioner's claim that Family Court erroneously held that the infant should be adopted by her foster family is without merit, as it is based on petitioner's misreading of the court's decision. Family Court appropriately freed the Department to make the infant available for adoption "including adoption by her foster parents" (*see,* Social Services Law § 384-b [3] [a]; *Matter of Michael B.*, 80 NY2d 299, 310, *supra*).

Finally, petitioner was not harmed by the Department's alleged violation of Family Court Act § 1017 as she had been aware of the infant's plight and the fact that the infant had been in foster care, but did nothing before her current petition activity to inform the Department that she was interested in obtaining custody. It cannot be said that petitioner has a valid

claim that she was prejudiced due to any failure of the Department to notify her pursuant to Family Court Act § 1017.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.