■ In the Matter of HEATHER QQ., a Child Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICK RR., Appellant. [652 NYS2d 123] —White, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered March 6, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Heather QQ. an abandoned child, and terminated respondent's parental rights.

Respondent is the father of a child, born in 1992, who has been in the custody of petitioner since June 25, 1992. Following a fact-finding hearing, Family Court determined that respondent had abandoned his child and terminated his parental rights. Respondent appeals.

We affirm. A finding of abandonment is warranted where it is shown by clear and convincing evidence that the parent has failed to have contact with the child or agency during the six-month period immediately prior to the date of the filing of the petition (*see*, *Matter of Richard X.*, 226 AD2d 762, 765, *lv*

*denied* 88 NY2d 808; *see also,* Social Services Law § 384-b [4] [b]). Here, the petition was filed on June 23, 1994. The uncontroverted proof shows that respondent had no contact with the child or the agency between December 22, 1993 and June 23, 1994 despite the credible evidence that, in a telephone conversation on September 3, 1992, a foster-care worker advised respondent to establish paternity and seek custody and/or visitation through Family Court. We note that respondent's incarceration from June 26, 1992 until December 27, 1994 does not excuse his failure to maintain contact, nor was the agency obligated to make diligent efforts to encourage communication with it or the child (*see, Matter of Little Flower Children's Servs. v Clinton Tracy M.,* 222 AD2d 507; *Matter of Regina WW.,* 182 AD2d 920; *Matter of Crawford,* 153 AD2d 108, 111; *compare, Matter of Baby Girl I.,* 210 AD2d 601).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.