■ In the Matter of TASHA B., a Child Alleged to be Abandoned. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAYMOND B., Appellant. [658 NYS2d 525] —Cardona, P. J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered February 23, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child an abandoned child, and terminated respondent's parental rights.

Respondent is the father of Tasha B., born in 1987. The record shows that with the exception of a few months when she was a toddler, respondent has never resided with the child or her mother. On September 9, 1993, Tasha was temporarily removed from her mother's custody and placed in petitioner's custody pending the filing of a neglect petition. Respondent was present in court on November 22, 1993 when a neglect finding was entered against the mother and the child was placed in petitioner's custody for a period of one year. Thereafter, in November 1994, the child's placement was extended for another year. The undisputed proof shows that from November 23, 1993 to February 1995, respondent had no contact with his daughter, who was in foster care, or petitioner. On February 28, 1995, respondent telephoned petitioner and stated that he wanted his daughter to live with him. Thereafter respondent met twice with Angela Stearns, his daughter's caseworker. Stearns suggested that he file a custody petition and explained that process to him. Although respondent requested visitation, Stearns did not arrange it.

On May 8, 1995, respondent attended his daughter's ongoing placement hearing. At that hearing, Family Court ordered petitioner to file an abandonment petition against respondent. Respondent missed his May 18, 1995 appointment with Stearns. On July 5, 1995, petitioner filed a petition pursuant to Social Services Law § 384-b alleging abandonment of the child by respondent during the six-month period immediately preceding the filing of the petition.* Following a fact-finding hearing at which respondent testified, Family Court determined that respondent had abandoned the child and terminated his parental rights. Respondent appeals.

The principles pertaining to the termination of parental rights on the basis of abandonment are well settled: "A child is deemed 'abandoned' for purposes of terminating parental rights when the parent in question 'evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency' for a period of six months immediately preceding the filing of the petition * * *. The parent's ability to visit and communicate with his or her child is presumed absent evidence to the contrary" (*Matter of John Z.*, 209 AD2d 821, 822, quoting Social Services Law § 384-b [5] [a] [citations omitted]; *see*, Social Services Law § 384-b [4] [b]; *Matter of Julius P.*, 63 NY2d 477).

Respondent asserts that he failed to visit his daughter during the requisite six-month period because of an alcohol problem in 1993-1994 and because he had been told by the child's mother that the neglect order which placed his daughter in foster care prohibited any male visitors. We are unpersuaded that these difficulties "so permeate[d] respondent's life as to make contact with [his daughter] unfeasible" (*Matter of John Z., supra*, at 822; *see also, Matter of Richard X.*, 226 AD2d 762, *lv denied* 88 NY2d 808). We note that visitation aside, the proof shows that respondent made no attempt to contact his daughter through phone calls, cards, letters or gifts for the nearly two years she was in foster care (*see, Matter of Naticia Q.*, 226 AD2d 755).

Respondent next argues that his contacts with petitioner were sufficient to preclude a finding of abandonment. We disagree. Respondent's contacts with petitioner, which, as noted, consisted of a telephone inquiry and two meetings with Stearns, were too sporadic and insubstantial to defeat the

---

* On or about August 1, 1995, the mother executed a judicial surrender transferring the guardianship and custody of Tasha to petitioner.

abandonment petition in light of other undisputed proof that respondent never visited or communicated with his daughter during the period in question (*see, Matter of Michelle S.*, 234 AD2d 800; *Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807; *Matter of Cecelia A.*, 199 AD2d 582) or initiated a custody proceeding as he had been urged to do (*see, Matter of Heather QQ.*, 234 AD2d 857).

We also find no merit in respondent's claim that petitioner impermissibly discouraged contact with the child by failing to arrange visitation with her. When proceeding on the ground of abandonment, an agency does not have to prove that it exercised diligent efforts to strengthen the parental relationship. Thus, petitioner had no obligation to arrange visitation during the six-month period at issue (*see*, Social Services Law § 384-b [5] [b]; *Matter of John Z.*, 209 AD2d 821, 822, *supra*; *Matter of Anthony M.*, 195 AD2d 315, 317; *Matter of Jasmine T.*, 162 AD2d 756, 757, *lv denied* 76 NY2d 714). Moreover, under the circumstances here, where respondent had no contact with the child for over a year prior to his offer to provide her a home and, during this time, the child had resided with a preadoptive foster family, we cannot say that Stearns acted unreasonably in deferring visitation to avoid, in her words, "exposing the child to frustration and confusion" until she could determine respondent's commitment to reestablishing a permanent relationship with his daughter. Finally, we note that if respondent had acted upon Stearn's advice to file a custody petition, he could have applied for an order directing petitioner to arrange visitation.

Based upon our review of the record, we find clear and convincing evidence of abandonment within the meaning of Social Services Law § 384-b (4) (b). We have considered respondent's remaining contentions and find that they lack merit.

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.