■ In the Matter of ARIEL C. and Another, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT C., Appellant. [669 NYS2d 1006] —Order unanimously affirmed without costs. Memorandum: Respondent erroneously appealed from the fact-finding order rather than the order of disposition. We exercise our discretion to disregard that mistake (*see,* CPLR 5520 [c]) and deem the appeal to have been taken from the order of disposition (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

We reject the contention of respondent that petitioner failed to establish by clear and convincing evidence that he failed to communicate either with his children or petitioner for the six-month period before the filing of the abandonment petition (*see, Matter of Bernard Richard H.,* 198 AD2d 22). "[A] child is 'abandoned' by his parent if such parent evinces an intent to forego his * * * parental rights and obligations as manifested by his * * * failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]; *see, Matter of Tasha B.,* 240 AD2d 778). The finding of Family Court that respondent did not communicate with his children or otherwise attempt to contact them through the foster parents or petitioner during the critical time period is fully supported by the record. The determination of the trial court is to be accorded great deference because it is "in the best position to evaluate the character and credibility of the witnesses" (*Matter of Paul C. v Tracy C.,* 209 AD2d 955, 956; *see, Matter of Irene O.,* 38 NY2d 776, 777; *Matter of Charles Clarence C.,* 213 AD2d 294; *Matter of Jasmine T.,* 162 AD2d 756, 757, *lv denied* 76 NY2d 714).

There is no merit to the contention of respondent that his incarceration was a reasonable excuse for his failure to communicate. Where a parent is incarcerated during the critical time period, he or she is not relieved of all responsibility to communicate (*see, Matter of Christopher Rene T.,* 189 AD2d

692, 693, *lv denied* 81 NY2d 709; *see, Matter of Orange County Dept. of Social Servs. [Christina S.],* 203 AD2d 367; *Matter of Bernard Richard H., supra,* at 22-23), especially "where, as here, [he] was free to write letters and make telephone calls" (*Matter of Jasmine T., supra,* at 757). (Appeal from Order of Oneida County Family Court, Cooke, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.