■ In the Matter of CHRISTINA S., a Child Alleged to be Abandoned. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DANIEL S., Respondent. [674 NYS2d 550] —Order unanimously reversed on the law without costs, petition granted and matter remitted to Orleans County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in dismissing the petition, which sought termination of respondent's parental rights on the ground of abandonment. A child is "abandoned" by his parent when the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency", for a period of six months immediately preceding the filing of the petition (Social Services Law § 384-b [5] [a]; see, Social Services Law § 384-b [4] [b]). Where, as here, petitioner establishes by clear and convincing evidence that the parent failed to communicate with the child or petitioner during the six-month period immediately preceding the filing of a petition, an intent to forego parental rights will be presumed unless evidence is offered to the contrary (see, Social Services Law § 384-b [5] [a]). In order to rebut the presumption of abandonment, respondent had to prove that he was unable to maintain contact with his daughter, or that he was prevented or discouraged from doing so by petitioner (see, Social Services Law § 384-b [5] [a]).

We disagree with the court's conclusion that petitioner failed to prove that respondent was able to visit his daughter. Although respondent has struggled with alcohol abuse and testified that he had health problems that required hospitalization, he also testified that he lives independently, has a telephone and is able to make telephone calls. In cases where "a good reason exists for the parent's failure to visit or communicate with the child, such failure will not, in and of itself, be sufficient to establish abandonment" (Matter of John Z., 209 AD2d 821, 822). Here, however, respondent failed to establish a "good reason" for his failure to visit or communicate with his daughter. The court concluded that respondent may have believed that he had to complete an alcohol abuse program before he would be allowed to visit with his daughter. In fact, the caseworker testified to the contrary; she testified that she informed respondent that he would be allowed to visit with the children as long as he was sober. In any event, such a misunderstanding would not account for the failure of respondent to maintain contact with petitioner or to communicate with his daughter through cards or letters (see, Matter of Naticia Q.,

226 AD2d 755, 756). We conclude that the difficulties of respondent in the six months preceding the filing of the petition "did not so permeate [his] life as to make contact with [his daughter] unfeasible" (*Matter of John Z., supra*, at 822). Thus, petitioner proved by clear and convincing evidence that respondent evinced an intent to forego his parental rights and obligations (*see, Matter of Anthony M.*, 195 AD2d 315). Contrary to respondent's contention, petitioner was not required to show that it made diligent efforts to encourage respondent to maintain contact with his daughter in order to prevail on the abandonment petition (*see,* Social Services Law § 384-b [5] [b]). Thus, we reverse the order, grant the petition and remit the matter to Orleans County Family Court for a dispositional hearing. (Appeal from Order of Orleans County Family Court, Punch, J.—Terminate Parental Rights.) Present—Denman, P. J., Pine, Winser, Callahan and Fallon, JJ.