◼ In the Matter of JACQUELINE D., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLARINE E., Appellant. [689 NYS2d 837] —Order unanimously affirmed without costs. Memorandum: Respondent has appealed from only the fact-finding order of Family Court. Although an intermediate order in a permanent neglect case is not appealable as of right (*see, Matter of Roy D.,* 207 AD2d 958, 958-959) and respondent should have appealed from the order of disposition, which brings up for review the propriety of the fact-finding order (*see, Matter of Lisa E.* [appeal No. 1], 207 AD2d 983), in the exercise of our discretion we deem the appeal to have been taken from the order of disposition (*see, Matter of Ariel C.,* 248 AD2d 976, *lv denied* 92 NY2d 801).

We conclude that petitioner proved by clear and convincing evidence that respondent permanently neglected her daughter by failing to engage in efforts to remedy the conditions that resulted in her daughter's removal from her custody and to plan for her daughter's future notwithstanding petitioner's diligent efforts to strengthen and nurture the parent-child relationship (*see, Matter of Gregory B. v Gregory F.,* 74 NY2d 77,

86; *Matter of Paige M. J.*, 256 AD2d 1150; *Matter of Sonia H.*, 177 AD2d 575). The court did not abuse its discretion in declining to enter a suspended judgment; respondent made no showing that a suspended judgment would be in her daughter's best interests (*see,* Family Ct Act § 631 [b]; § 633; Social Services Law § 384-b [8] [c] [ii]). We perceive no basis to disturb the court's factual findings (*see, Matter of Nathaniel T.*, 67 NY2d 838, 842). (Appeal from Order of Erie County Family Court, Szczur, J.—Terminate Parental Rights.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.