■ In the Matter of ISHMAEL A. and Others, Children Alleged to be Abandoned. CHILDREN's AID SOCIETY, Respondent; MARILU A., Appellant. [694 NYS2d 658] —Orders of disposition, Family Court, New York County (George Jurow, J.), entered on or about March 18, 1998, terminating respondent's parental rights to the subject children upon a finding of abandonment, and committing their guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence that respondent did not visit the children or communicate with the agency for the six-month period immediately preceding the filing of the petitions and the absence of evidence that respondent was unable to so visit or com-

municate or was prevented or discouraged from doing so by the agency (Social Services Law § 384-b [4] [b]; [5]). Respondent's communications with other agencies did not pertain to the subject children and otherwise failed to demonstrate an interest in them sufficient to rebut the presumption of abandonment raised by her failure to contact the agency (*see, Matter of Crawford*, 153 AD2d 108, 110; *Matter of Oneka O.*, 249 AD2d 233; *compare, Matter of Baby Girl I.*, 210 AD2d 601). There is no merit to respondent's argument that, because the agency knew of her whereabouts, it was obligated to communicate with her and initiate contact between her and the children (*see, Matter of Anthony M.*, 195 AD2d 315, 317; *Matter of Shakim Ravon B.*, 257 AD2d 547), and we note respondent's failure to keep an appointment at the agency that had been scheduled before the beginning of the abandonment period. We also agree with Family Court that it is in the children's best interests to be freed for adoption by specially trained foster parents. Respondent's offer of the paternal grandmother and two paternal aunts as temporary resources pending her rehabilitation was properly rejected upon evidence showing that these relatives never visited or communicated with the children during the eight years, virtually their entire lives, that they were in foster care, did not avail themselves of opportunities to develop a relationship with the children even after they were put forth as possible resources, and were not capable of caring for the children's special behavioral and educational needs. There is no merit to respondent's contention that Family Court was obligated to suspend judgment to explore and train these relatives to care for the children (*cf., Matter of Netfa P.*, 115 AD2d 390, 392), and it properly refused to do so absent a showing of an already existing positive, meaningful relationship with the children (*see, Matter of Albert E.*, 259 AD2d 315). Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.