■■■ In the Matter of ELIZABETH S. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HELENA S., Appellant. [713 NYS2d 408] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined that petitioner established by clear and convincing evidence that respondent abandoned her child. A child is deemed abandoned for the purpose of terminating parental rights when the parent

"evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" for a period of six months immediately preceding the filing of the petition for abandonment (Social Services Law § 384-b [5] [a]; *see*, Social Services Law § 384-b [4] [b]; *Matter of Ariel C.*, 248 AD2d 976, *lv denied* 92 NY2d 801; *Matter of Tasha B.*, 240 AD2d 778). At the time that the petition was filed, respondent was serving a lengthy term of incarceration after being convicted of felony assault and endangering the welfare of the child who was the subject of this proceeding. Where, as here, a parent is incarcerated during the critical time period, he or she is not relieved of all responsibility to communicate (*see, Matter of Ariel C.*, supra, at 976-977; *Matter of Christopher Rene T.*, 189 AD2d 692, 693, *lv denied* 81 NY2d 709). The record supports the court's finding that, while respondent was incarcerated, she communicated with petitioner only once, by letter, during the statutory six-month period. That one isolated contact was insubstantial and does not preclude a finding of abandonment (*see, Matter of Oneka O.*, 249 AD2d 233; *Matter of Mitchell Kirkland P.*, 201 AD2d 381).

Once the court determined that respondent had abandoned her child and terminated respondent's parental rights based on that ground, the court properly dismissed without prejudice a second petition for permanent neglect on the ground that it was moot. (Appeal from Order of Oneida County Family Court, Cook, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.