# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**773**

**CAF 13-00736**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF MELERINA M.
-------------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,   MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ANDREW A., RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

KRISTOPHER STEVENS, WATERTOWN, FOR PETITIONER-RESPONDENT.

KIMBERLY A. WOOD, ATTORNEY FOR THE CHILD, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered April 18, 2013 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had abandoned the subject child and transferred guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of abandonment. The father contends that, because Family Court noted in its decision that petitioner had performed due diligence, the court applied an incorrect standard in determining that he abandoned his daughter. We reject that contention. Although the father is correct that petitioner was not required to prove that it engaged in diligent efforts to encourage him to communicate with the child (*see* Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d 549, 550), we note that the court in fact applied the correct standard set forth in Social Services Law § 384-b (5) (a) in determining that petitioner proved abandonment. As the court properly determined, "[p]etitioner established by clear and convincing evidence that [the] father abandoned his child by failing to visit her or to communicate with her or petitioner, although able to do so, during the six-month period immediately preceding the filing of the petition" (*Matter of Tonasia K.*, 49 AD3d 1247, 1248; *see* § 384-b [4] [b]; [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 513-514, *rearg denied* 5 NY3d 783). The father then failed to rebut the presumption of abandonment, inasmuch as he failed to establish "that he was unable to maintain contact with his daughter, or that he was prevented or discouraged from doing so by petitioner" (*Matter of Christina S.*, 251

AD2d 982, 982; *see Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693; *Matter of Regina A.*, 43 AD3d 725, 725).

The father further contends that a finding of abandonment is precluded because money was deducted from his inmate account to pay for child support. We note that a court order, entered April 22, 2010, required the father to pay child support in the amount of $25 monthly, but the order suspended that obligation during the father's incarceration. Although the father testified at the hearing that "twenty percent" had been deducted from his inmate account since July 2012 to pay for child support, petitioner presented evidence that it had never received any payment of child support from the father or the correctional facility where he was incarcerated. Even assuming, arguendo, that the funds were deducted from the father's inmate account, we conclude under the circumstances of this case that the deduction of such funds does not constitute communication with the child or petitioner sufficient "to defeat an otherwise viable claim of abandonment" (*Matter of Angela N.S. [Joshua S.]*, 100 AD3d 1381, 1382 [internal quotation marks omitted]; *see* Social Services Law § 384-b [5] [a]).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court