■ In the Matter of JAMIE S. and Others, Children Alleged to be Permanently Neglected and/or Abandoned. ARIEL S. et al., Appellants; ST. DOMINIC'S HOME et al., Respondents. [3 NYS3d 25]—

Orders of fact-finding and disposition, Family Court, Bronx County (Karen Lupuloff, J.), entered on or about May 13, 2013, and June 18, 2013, which, to the extent appealed from as

limited by the briefs, determined, after a hearing, that respondent mother permanently neglected the subject children, unanimously affirmed, without costs. Orders of fact-finding and disposition, same court and Justice, entered on or about May 13, 2013, and June 18, 2013, which to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent father was a notice father only as to Ariel and Richard, and in the alternative, that he permanently neglected them, and that he abandoned Jamie, unanimously affirmed, without costs.

The finding of permanent neglect against respondent mother is supported by clear and convincing evidence of her failure to plan for the children's future, notwithstanding the petitioning agencies' diligent efforts (see Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]). Although respondent mother was given referrals for a comprehensive mental health evaluation, she refused to comply for several years, despite the fact that the court suspended visitation until she complied and failed to provide an appropriate evaluation (see *Matter of Toyie Fannie J. [Toyie D.H.]*, 77 AD3d 449 [1st Dept 2010]). In addition, after completion of a domestic violence program, she admitted to continuing to engage in relationships involving domestic violence, and continued to have angry outbursts and exhibit inappropriate behavior in front of the children. The record demonstrates that respondent mother's outbursts, which harmed and embarrassed the children, had not abated, and that she failed to recognize her role in the children's removal from her care (see *Matter of Emily Rosio G. [Milagros G.]*, 90 AD3d 511 [1st Dept 2011]).

Respondent father admitted that he failed to support Ariel and Richard according to his means prior to his incarceration, and that he provided no support after incarceration. The record also demonstrates that he had limited contact with Ariel and Richard after his incarceration (see Domestic Relations Law § 111 [1] [d]). Incarceration did not absolve him of his obligation to support and maintain contact with his children (see *Matter of Jaden Christopher W.-McC. [Michael L. McC.]*, 100 AD3d 486 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013]).

The court properly found that respondent father abandoned Jamie since he admitted that he had no contact with the child in the six months prior to the filing of the petition (see Social Services Law § 384-b [5] [a]; *Matter of Ishmael A.*, 264 AD2d 647 [1999]). Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.