# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**742**
**CAF 13-01891**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF CRYSTIANA M.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                          MEMORANDUM AND ORDER

CRYSTAL M., RESPONDENT,
AND PAMELA J., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

JESSICA L. VESPER, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 22, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the child in the custody of her paternal aunt under the supervision of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent Pamela J. (grandmother) contends that Family Court erred in finding that she neglected her granddaughter. We note at the outset that, although the grandmother erroneously appealed from the fact-finding order rather than the order of disposition, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the order of disposition (*see Matter of Morgan P.*, 60 AD3d 1362, 1362; *Matter of Ariel C.*, 248 AD2d 976, 976, *lv denied* 92 NY2d 801; *see also* CPLR 5520 [c]).

We conclude that petitioner established by a preponderance of the evidence that the grandmother, who was a person legally responsible for the child (*see* Family Ct Act § 1012 [g]), neglected the child (*see* § 1012 [f] [1] [B]). It is well established that "a child may be adjudicated to be neglected when a parent or caretaker 'knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly' " (*Matter of Darcy Y. [Christopher Z.]*, 103 AD3d 955, 956; *see Matter of Wyatt YY. [Melissa OO.]*, 118 AD3d 1061, 1062). The evidence at the hearing established that the grandmother knew that the mother was addicted to opiates and that the grandmother either illegally purchased suboxone for the mother or provided the mother

with money knowing that the mother was going to use that money to buy suboxone herself. We have previously held that the misuse and illegal purchase of suboxone may support a finding of neglect (*see Matter of Samaj B. [Towanda H.-B.-Wade B.]*, 98 AD3d 1312, 1313). During this same period of time, the grandmother, who had informal custody of the child, allowed the mother to care for the child during the day. Moreover, the court concluded, based on the evidence at the hearing, that the grandmother was "feeding [the mother's] known drug addiction to keep the child with her without any court proceedings being involved." Such evidence is sufficient to establish that the grandmother neglected the child (*see Wyatt YY.*, 118 AD3d at 1062; *Matter of Stevie R. [Arvin R.]*, 111 AD3d 1078, 1079; *Matter of Alaina E.*, 33 AD3d 1084, 1086).

Entered: June 12, 2015

Frances E. Cafarell
Clerk of the Court