Matter of Mirabella H. (Angela I.) (2018 NY Slip Op 04893)





Matter of Mirabella H. (Angela I.)


2018 NY Slip Op 04893


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


765 CAF 16-02310

[*1]IN THE MATTER OF MIRABELLA H. CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ANGELA I., RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ADAM H. VAN BUSKIRK, AUBURN, FOR PETITIONER-RESPONDENT.
JILL L. TERRY, WEEDSPORT, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered October 14, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred the guardianship and custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect. We affirm.
We reject the mother's contention that reversal is required because petitioner failed to properly notify the child's maternal uncle of the instant proceeding. Even assuming, arguendo, that petitioner failed to fulfill its statutory duty to notify the uncle of the pendency of the proceeding and of the opportunity for becoming a foster parent or for seeking custody of the child (see Social Services Law § 384-a [1-a]; see generally Family Ct Act § 1017 [1] [a]), we conclude that the record establishes that the uncle was aware of the fact that the child was in foster care. Indeed, the uncle filed a custody petition with respect to the child, but that proceeding was dismissed as a result of the uncle's failure to appear and the uncle did not appeal from the order dismissing his petition. Thus, it cannot be said that the uncle was prejudiced by any failure to notify him of this proceeding (see Matter of Elizabeth YY. v Albany County Dept. of Social Servs., 229 AD2d 618, 620-621 [3d Dept 1996]).
We also reject the mother's contention that Family Court erred in determining that she permanently neglected the child. Although the mother participated in some of the services offered by petitioner, petitioner established that the mother's progress was insufficient to warrant the return of the child to her care inasmuch as she failed to " address or gain insight into the problems that led to the removal of the child[ ] and continued to prevent the child['s] safe return' " (Matter of Burke H. [Richard H.], 134 AD3d 1499, 1501 [4th Dept 2015]; see Matter of Tiara B. [Torrence B.], 70 AD3d 1307, 1307 [4th Dept 2010], lv denied 14 NY3d 709 [2010]). Contrary to the mother's further contention, the court did not abuse its discretion in terminating the mother's parental rights rather than granting a suspended judgment (see Matter of Jose R., 32 AD3d 1284, 1285 [4th Dept 2006], lv denied 7 NY3d 718 [2006]). The evidence in the record supports the court's determination that termination of the mother's parental rights is in the best interests of the child, and that the mother's progress in addressing the issues that led to the child's removal from her custody was " not sufficient to warrant any further prolongation of the child's unsettled familial status' " (Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013]; see Matter of Joanna P. [Patricia M.], 101 AD3d 1751, 1752 [4th Dept [*2]2012], lv denied 20 NY3d 863 [2013]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court